MAKAREM & ASSOCIATES, APLC
Ronald W. Makarem, Esq. (State Bar No. 180442)
Marni B. Folinsky, Esq. (State Bar No. 209880)
11601 Wilshire Boulevard, Suite 2440
Los Angeles, California 90025-1760
Telephone: (310) 312-0299
Facsimile: (310) 312-0296
Email: makarem@law-rm.com
Email: folinsky@law-rm.com

Michael H. Kim, Esq. (State Bar No. 200792)
**MICHAEL H. KIM, P.C.**
3699 Wilshire Boulevard, Suite 860
Los Angeles, California 90010
Telephone: (213) 639-2900
Facsimile: (213) 639-2909
Email: mkim@mhklawyers.com

Attorneys for Plaintiffs
BLAKE R. WILLIAMS and
PEGGY J. MCGREGOR, individually and
on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAKE R. WILLIAMS, an individual, and PEGGY J. McGREGOR, an individual, for themselves and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OBERON MEDIA, INC., a Delaware corporation; and DOES 1 through 10, Inclusive,<br>Defendants. | Case No. **CV09-8764 JFW (AGRx)**<br><br>**CLASS ACTION COMPLAINT**<br><br>[JURY TRIAL DEMANDED] |

Case No.
CLASS ACTION COMPLAINT

Plaintiffs, BLAKE R. WILLIAMS and PEGGY J. MCGREGOR, individually and on behalf of all others similarly situated, by and through undersigned counsel, file this class action lawsuit against Defendant OBERON MEDIA, INC., a Delaware corporation. Plaintiffs allege as follow upon personal knowledge as to their own actions and upon information and belief as to all other facts alleged in the Complaint:

## SUMMARY OF THE CASE

1. This class action seeks to end the unfair and deceptive business practices of Oberon Media relating to the marketing and sale of video games and to recover monies for the tens of thousands of consumers who were victimized by this unscrupulous conduct.

2. Oberon Media sells video games targeted at a mass audience of casual gamers. The games are available for purchase at a number of online sites or at retail stores. The games can be purchased at full price or at a discount price if the buyer subscribes to a price discount program called the GameSaver. According to Oberon Media, the GameSaver allows users to buy games at discounted prices and to receive one free game each month. The GameSaver requires a monthly membership fee, which is automatically charged to the subscriber's credit card.

3. According to Oberon Media, after the initial term of the GameSaver subscription has expired, the subscriber can freely stop and cancel the membership. Additionally, according to Oberon Media, the GameSaver is a voluntary program, and if the user wishes to purchase games at full price, he or she can do so.

4. Oberon Media has orchestrated and executed a scheme to defraud consumers by (1) signing users up for the GameSaver without their knowledge and consent; (2) refusing to allow users to cancel their GameSaver subscription and making unauthorized recurring monthly charges to their credit cards; (3) discouraging users from cancelling their GameSaver subscription by imposing

unlawful early termination fees; (4) failing to deliver free games as promised and represented under the GameSaver program; (5) charging hidden fees, including, but not limited to, a "foreign transaction fee," for every transaction; (6) double/multiple billing for a single game purchase or a single GameSaver account.

5.     Plaintiffs are among the tens of thousands of consumers who have been victimized by these practices. Plaintiffs bring this lawsuit against Oberon on behalf of themselves and all others similarly situated to stop these practices, alleging claims for breach of contract, unjust enrichment, violations of the Unfair Competition Law, and injunctive relief.

## **PARTIES**

6.     Blake R. Williams ("Williams") is, and at all times alleged in this Class Action Complaint was, an individual and a California citizen, with her place of residence in the County of Los Angeles, California.

7.     Peggy J. McGregor ("McGregor") is, and at all times alleged in this Class Action Complaint was, an individual and a California citizen, with her place of residence in the County of Monterey, California.

8.     Defendant Oberon Media, Inc. ("Defendant" or "Oberon") is a corporation duly incorporated under the laws of the state of Delaware, having its principal place of business in the City of New York, State of New York.

## **JURISDICTION AND VENUE**

9.     This Court has jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). The aggregated claims of the individual class members exceed the sum value of $5,000,000, exclusive of interest and costs, and this is a class action in which more than two-thirds of the proposed plaintiff classes, on the one hand, and Oberon Media on the other, are citizens of different states.

10.    Venue is proper in this District under 28 U.S.C. § 1391(c) because

Oberon Media's contacts with the District are sufficient to subject Oberon Media to personal jurisdiction in this Court.

## FACTS

11. Defendant markets and sells video games, most of which can be purchased and downloaded online. The games can be purchased at full price or at a discounted price under a special price discount program called the GameSaver. This GameSaver purportedly offers two benefits: (1) first, it allows its members to buy games at a discounted price; and (2) second, it entitles members to one free game each month during the duration of the membership.

12. The GameSaver service requires a separate monthly membership fee. There are three membership terms with three different prices: 2 months, 6 months, and 12 months. A 2-month GameSaver membership costs $9.95 per month. A 6-month GameSaver membership costs $7.95 per month. A 12-month GameSaver membership costs $6.95 per month. The monthly membership fees are automatically charged to the subscriber's credit card.

13. To sign up for the GameSaver service, a user clicks on a game that he wishes to purchase, which links him to a "checkout" page where he will find four options: 65% off for signing up for a 12-month GameSaver service; 60% off for signing up for a 6-month GameSaver service; and 50% off for signing up for a 2-month GameSaver service; and a full price purchase without any GameSaver subscription.

- 65% Off — $6.95 per game - Platinum
  (1 game a month for 12 months minimum )
- 60% Off — $7.95 per game - Gold
  (1 game a month for 6 months minimum )
- 50% Off — $9.95 per game - Silver
  (1 game a month for 2 months minimum )
- $19.95
  No Thanks, I just want this game

14. If the user wants to take advantage of the GameSaver service, he may sign up for one of the three GameSaver packages. Otherwise, he clicks on the full price purchase option to buy the game at full price.

15. Defendant is engaged in unfair and deceptive business practices with respect to the GameSaver service. First, Defendant is signing users up for the GameSaver without their consent and knowledge. When users go online to purchase a game or redeem a free game, they are automatically taken to a link without their knowledge that signs them up for the GameSaver service and are charged monthly fees for the membership they never ordered.

16. Second, Defendants have implemented different penalties and technical difficulties to discourage users from canceling their GameSaver memberships. Until recently, once users were signed up for the GameSaver service, they could not cancel the subscription. There was no way for users to cancel the GameSaver service. Now, in order to discourage users from cancelling their subscription, Defendants are charging an early termination fee. If a user cancels his GameSaver service before his subscription term expires, he is fully charged for the subscription months remaining on the contract as a form of early termination fee ("Early Termination Fee" or "ETF").

17. Defendant's early termination fee provisions have permitted it to collect revenues and generate enormous profits. This ETF is a penalty and is not a reasonable measure or approximation of the anticipated or actual loss, if any, that a member's early termination causes Defendant. The early termination fee is not designed to compensate Defendant for any damages arising from the early termination, but rather is designed to lock in members and serve as a deterrent to prevent members form terminating their subscriptions early. The ETF is a penalty imposed by Defendant and is unconscionable, void and unenforceable.

18. Third, the GameSaver membership entitles the subscribers to receive

one free game of their choice each month. Despite the agreement to provide one free game of their choice each month, Defendant has repeatedly and continuously prevented its members from receiving their free games and deprived them of the intended GameSaver benefits.

19. Fourth, Defendant is charging hidden fees, including but not limited to the "Foreign Transaction Fee," for every transaction. Defendant has hidden and continues to hide information about these fees from consumers when they either make a purchase or sign up for the GameSaver subscription. Currently, these hidden fees can exceed $0.06 for *every* transaction, whether the transaction is for the purchase of a game or the payment of a GameSaver membership fee.

20. Fifth, Defendant is engaged in a double-billing scheme whereby users are charged multiple times (i.e. double billed) for a single game purchase or a single GameSaver account.

21. Plaintiffs have each been victims of and injured by each of defendants' wrongful conduct described above. Indeed, Plaintiffs are not the only persons who have been victimized by Defendant's unfair and deceptive business practices with respect to the GameSaver subscription program. Others have also suffered as a result of Defendant's deceptive and unfair acts and practices of (1) signing them up for the GameSaver without their knowledge and consent; (2) refusing to allow them to cancel their GameSaver subscription and making unauthorized recurring monthly charges to their credit cards; (3) imposing unlawful early termination fees; (4) failing to deliver free games as promised under the GameSaver program; (5) charging hidden fees for every transaction; and (6) double/ multiple billing for a single game purchase or a single GameSaver account.

//
//
//

**DEFENDANT'S WRONGFUL CONDUCT SUFFERED BY PLAINTIFFS**

22. Plaintiff Williams signed up for Defendant's GameSaver service in February of 2009.

23. Soon thereafter, Ms. Williams attempted to redeem her free game under the GameSaver benefits program, but was unsuccessful based on defendant's wrongful conduct alleged above at Paragraph 18. Instead of receiving her free game, she was unknowingly taken to a link that automatically signed her up for a second GameSaver subscription without her consent or knowledge, wrongful conduct alleged above at Paragraph 15.

24. Ms. Williams contacted Defendant's customer service on numerous occasions, but she could not resolve the problem with them. She then tried to cancel her account, but was informed that she would only be permitted to cancel the service *after* paying an early termination fee equal to the months remaining on her subscription. As a result of the ETF, Ms. Williams has been discouraged and prevented from terminating her subscription, which is the wrongful conduct alleged above in Paragraph 16. This wrongful conduct has allowed Defendant Oberon Media to collect revenues and generate enormous profits from Ms. Williams at her expense. Since Ms. Williams is now signed up for two GameSaver subscriptions, she would have to pay two early termination fees equal to the months remaining on both of her subscriptions, one of which is a subscription that she never consented to.

25. Ms. Williams is now being charged two sets of GameSaver subscription fees, or double billed for one account, to her credit card based on defendant's wrongful conduct alleged above at Paragraph 20. Ms. Williams also learned in reviewing her credit card statements that she was being charged previously undisclosed fees, including but not limited to the "Foreign Transaction Fee" of $0.06, for every transaction relating to the GameSaver service, wrongful conduct alleged above at Paragraph 19.

26. Ms. McGregor never signed up for Defendant's GameSaver service. Ms. McGregor has been a customer of Defendant since 2005. In 2008, she purchased a game without signing up for the GameSaver service. A month later, she learned that she had been signed up to become a GameSaver member without her knowledge and consent, defendants' wrongful conduct alleged above at Paragraph 15. She has been unsuccessfully trying to cancel the service and is currently being charged the monthly fees and hidden fees for the GameSaver membership she did not order, defendants' wrongful conduct alleged above at Paragraphs 16 and 19.

27. Both Ms. Williams and Ms. McGregor have been injured and damaged by Defendant's conduct.

## CLASS ACTION ALLEGATIONS

28. Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and the following Class:

> All GameSaver members and all persons who have purchased a game from Oberon Media. Expressly excluded from the Class are Defendant and its subsidiaries, affiliates, officers, directors, and employees.

29. Certification of the Class is appropriate pursuant to Fed. R. Civ. Proc. 23(a). The members of the Class are so numerous that joinder of all members would be impracticable. Defendants' GameSaver data will indicate that there are close to 500,000 Class members over whom this Court has jurisdiction.

30. There are common questions of law and fact, among others, including:
   a) Whether Defendant engaged in unlawful, unfair and deceptive acts or practices in regards to the GameSaver discount program;
   b) Whether Defendant engaged in unlawful, unfair and deceptive acts or practices in regards to the International Transaction Fee;
   c) Whether Defendant engaged in unlawful, unfair and deceptive acts or practices in regards to the ETF;

d) Whether Defendant engaged in unlawful, unfair and deceptive acts or practices in regards to early cancellation of the GameSaver discount program;

e) Whether the ETF is unlawful;

f) Whether the ETF is unconscionable;

g) Whether Defendant was unjustly enriched through the GameSaver discount program;

h) Whether Defendant was unjustly enriched by charging hidden fees, including but not limited to the International Transaction Fee;

i) Whether Defendant was unjustly enriched by charging the Early Termination Fee;

j) Whether Defendant breached a contract by (1) failing to deliver free games as promised under the GameSaver program; (2) charging hidden fees for every transaction; and (3) double/ multiple billing for a single game purchase or a single GameSaver subscription.

k) Whether Plaintiffs and the Class are entitled to restitution, disgorgement, and/or other equitable relief as the Court deems proper;

l) Whether Plaintiffs and the Class are entitled to an order permanently enjoining Defendant from engaging, performing, or prospering to engage or perform any of the aforementioned unlawful, unfair and deceptive acts and practices and requiring Defendant to engage in a corrective notice campaign;

m) Whether Plaintiffs and the Class are entitled to compensatory damages sustained by Plaintiffs and all other similarly situated as a result of Defendant's unlawful acts and conduct;

     n)    Whether Plaintiffs and the Class are entitled to punitive damages and/or exemplary damages;

     o)    Whether Plaintiffs and the Class are entitled to a permanent injunction prohibiting Defendant from engaging in the conduct and practices complained of herein;

     p)    Whether Plaintiffs and the Class are entitled to prejudgment and post-judgment interest;

     q)    Whether Plaintiffs and the Class are entitled to reasonable attorneys' fees and costs of suit;

     r)    Whether a Class can be certified pursuant to Fed. R. Civ. Proc., Rule 23.

31.    Plaintiffs' claims are typical of the claims of the Class because Plaintiffs and all members of the Class were injured economically by the same wrongful practices and conduct of Defendant as described in this Complaint. Plaintiffs' claims arise from the same practices and conduct that gave rise to the claims of the Class members, and are based on the same legal theories. The only difference between Plaintiffs and the individual members of the Class could be the amount of damages sustained, which is an amount that can be readily determined, and does not bar or in any way impair class certification.

32.    Plaintiffs will fairly and adequately represent the interests of the members of the Class. Plaintiffs' interests are the same as, and not in conflict with, the other members of the Class. Plaintiffs' counsel is experienced in class action and complex litigation.

33.    Questions of law or fact common to the members of the Class predominate and a class action is superior to individual cases for the fair and efficient adjudication of the issues presented in this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and

procedurally impracticable. The individual damages incurred by each Class member resulting from Defendant's conduct are too small to warrant the expense of individual suits. The likelihood of individual members of the Class prosecuting separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Individual suits would also present the potential for inconsistent or contradictory judgments and rulings, and would underscore the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action and certification of the Class under Rule 23(b)(3) is proper.

34. Relief concerning Plaintiff's rights under the laws herein alleged and with respect to the Class would be proper. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with regard to members of each Class as a whole and certification of the Class under Rule 23(b)(2) is proper.

## FIRST CLAIM FOR RELIEF
### (ETF is an Unlawful Penalty)

35. Plaintiffs hereby incorporate all preceding paragraphs as if they were fully set forth herein.

36. Defendant's ETF constitutes an unlawful penalty in violation of common law and applicable statutory law in that it charges users an early termination fee equal to the amount of monthly fees remaining on the contract. In other words, the user can either continue playing games and paying monthly fees for the term of the contract or can terminate the contract and not play the games, but still pay the same monthly fees for the term of the contract.

37. The ETF was intended by Defendant to be a punishment for default or

early cancellation, rather than an estimate of damages that Defendant may incur should there be a breach of the GameSaver service.

38. The ETF constitutes an unlawful penalty because it has an effect of inducing performance rather than compensating losses that Defendant may sustain, if any, when a customer terminates his or her GameSaver subscription prior to expiration of the term.

39. Defendant has never obtained any agreement from Plaintiffs or members of the Class that damages from a breach of the GameSaver subscription would be impracticable or extremely difficult to determine with certainty. Defendant has never discussed with Plaintiffs or members of the Class that the early termination penalty represents a reasonable measure of what liquidated damages might be. Defendant has never undertaken a reasonable endeavor to ascertain what the liquidated damages due to a breach would be. Indeed, the ETF is not a reasonable measure or approximation of the anticipated or actual loss from a breach of the GameSaver subscription. The early termination fees imposed and collected by Defendant constitute penalties.

40. Because the ETF is an unlawful penalty, it is void and unenforceable.

41. Plaintiffs and members of the Class have been damaged by Defendant's inclusion and enforcement of the EFT in its GameSaver service agreement.

42. Plaintiffs and members of the Class seek an order enjoining Defendant for engraining in the conduct and practices complained of herein; a declaration that the ETF is an unlawful penalty and therefore void and unenforceable; actual damages, including, but not limited to, restitution; reasonable attorney's fees and costs of suit; and any and such other further relief as the Court may deem proper.

//
//

## SECOND CLAIM FOR RELIEF

**(For Violations of Cal. Bus. & Prof. Code §§ 17200 et seq.)**

43. Plaintiffs hereby incorporate all preceding paragraphs as if they were fully set forth herein.

44. Cal. Bus. & Prof. Code §§ 17200 et seq., and substantially similar laws of other states in which Defendant offers its service and products, prohibit unfair methods of competition and unlawful, unfair or deceptive acts or practices in the conduct of any trade or commerce.

45. Defendant engaged in unfair and deceptive acts and practices in connection with its promotion and sale of the GameSaver discount program. Defendant engaged in unlawful, unfair and deceptive acts and practices by (1) signing members of the Class up for the GameSaver without their knowledge and consent; (2) refusing to allow them to cancel their GameSaver subscription and making unauthorized recurring monthly charges to their credit cards; (3) imposing unlawful early termination fees to discourage them from terminating their memberships; (4) failing to deliver free games as promised under the GameSaver program; (5) charging hidden fees, including but not limited to the "foreign transaction fee," for every transaction; and (6) double/ multiple billing for a single game purchase or a single GameSaver subscription.

46. Defendant's acts and practices have damaged and are likely to continue to damage members of the Class and impact the public interest. Plaintiffs and all members of the Class have suffered and continue to suffer injury as a direct result of Defendants' unlawful, unfair and deceptive acts and practices towards consumers.

47. Plaintiffs, on behalf of themselves and other members of the Class, seek an order of this Court against Defendants awarding restitution, injunctive relief and all other relief allowed under Cal. Bus. & Prof. Code §§ 17200, *et seq.*

plus interest, attorney's fees and costs pursuant to, *inter alia*, Cal. Code of Civ. Proc. § 1021.5.

### THIRD CLAIM FOR RELIEF
### (For Unjust Enrichment)

48. Plaintiff repeats and realleges the allegations set forth above as if fully contained herein.

49. By (1) signing members of the Class up for the GameSaver without their knowledge and consent; (2) refusing to allow them to cancel their GameSaver subscription and making unauthorized recurring monthly charges to their credit cards; (3) imposing unlawful early termination fees to discourage them from terminating their memberships; (4) failing to deliver free games as promised under the GameSaver program; (5) charging hidden fees for every transaction; and (6) double/ multiple billing for a single game purchase or a single GameSaver subscription, Defendant violated statutory and common law. Plaintiffs and the members of the Class have suffered harm as a proximate result of the violations of law and wrongful conduct of the Defendant alleged herein.

50. Defendant was unjustly enriched at the expense of Plaintiff and the Class, who (1) were signed up for the GameSaver without their knowledge and consent; (2) were charged unauthorized recurring monthly GameSaver fees; (3) could not cancel the GameSaver service or were charged unlawful early termination fees for cancelling the service; (4) did not receive their free games as promised under the GameSaver program; (5) were charged hidden fees for every transaction; and (6) were double/ multiple billed for a single game purchase or a single GameSaver subscription.

51. Defendant was aware and had knowledge of the benefit it was receiving as a result of the wrongful acts, as hereinabove alleged, and has enjoyed the benefit of its financial gains, to the detriment and the expense of Plaintiffs and

the Class.

52. Defendant's retention of some or all of the monies gained through its wrongful acts and practices would be unjust considering the circumstances of obtaining these monies.

53. Plaintiffs, on behalf of themselves and all others similarly situated, are entitled to, and seek restitution from Defendant, and an order disgorging all profits, benefits, and other compensation obtained by Defendant for its wrongful conduct.

## FOURTH CLAIM FOR RELIEF

### (Breach of Contract)

54. Plaintiffs hereby incorporate all preceding paragraphs as if they were fully set forth herein.

55. To the extent that an enforceable contract existed between Plaintiffs and Defendant, and members of the Class and Defendant, a material term of that contract was that Plaintiffs and members of the Class would receive a free game per month.

56. Furthermore, to the extent that an enforceable contract existed between Plaintiffs and Defendant, and members of the Class and Defendant, there is no material term in the contract that Plaintiffs and members of the Class would be charged hidden fees, including but not limited to the "International Transaction Fee," for every transaction, whether the transaction is for the purchase of a game or the payment of a GameSaver membership fee.

57. Furthermore, to the extent that an enforceable contract existed between Plaintiffs and Defendant, and members of the Class and Defendant, there is no material term in the contract that Plaintiffs and members of the Class would be double billed or multiple-billed for a single game purchase or a single GameSaver subscription.

58. To the extent that an enforceable contract existed between Plaintiffs

and Defendant, and members of the Class and Defendant, Defendant breached that contract by (1) failing to deliver the free games as promised under the GameSaver program; (2) charging hidden fees for every transaction; and (3) double/ multiple billing for a single game purchase or a single GameSaver subscription.

59. As a result of Defendant's aforementioned breaches of contract, Plaintiffs and members of the Class were damaged.

60. Plaintiffs and members of the Class therefore seek an order enjoining Defendant from engaging in the conduct and practices complained of herein; actual damages, including, but not limited to, restitution; reasonable attorney's fees and costs of suit; and any and such other further relief as the Court may deem proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and others similarly situated, pray per judgment against Defendant as follows:

1. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and their counsel of record to represent the class;

2. For restitution, disgorgement, and/or other equitable relief as the Court deems proper;

3. For an order permanently enjoining Defendant from engaging, performing, or prospering to engage or perform any of the aforementioned unlawful, unfair and deceptive acts and practices and requiring Defendant to engage in a corrective notice campaign;

4. For compensatory damages sustained by Plaintiffs and all other similarly situated as a result of Defendant's unlawful acts and conduct;

5. For a permanent injunction prohibiting Defendant from engaging in the conduct and practices complained of herein;

6. For prejudgment and post-judgment interest;

7.  For reasonable attorneys' fees and costs of suit;

8.  For such other relief as the Court deem just and proper.

Dated:  November 30, 2009                         MAKAREM & ASSOCIATES APLC

By: _____
MARNI B. FOLINSKY
Attorneys for Plaintiffs