1 KENDALL BRILL & KLIEGER LLP
Richard B. Kendall (90072)
2 rkendall@kbkfirm.com
Robert N. Klieger (192962)
3 rklieger@kbkfirm.com
Gabriel D. Miller (243359)
4 gmiller@kbkfirm.com
10100 Santa Monica Blvd., Suite 1725
5 Los Angeles, California 90067
Telephone: 310.556.2700
6 Facsimile: 310.556.2705

7 Attorneys for Defendant
Oberon Media, Inc.

8

9 UNITED STATES DISTRICT COURT

10 CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12 BLAKE R. WILLIAMS, an individual, | Case No. CV09-8764 JFW (AGRx)
and PEGGY J. McGREGOR, an
13 individual, for themselves and on behalf | **OBERON MEDIA, INC.'S NOTICE**
of all others similarly situated, | **OF MOTION AND MOTION TO**
14 | **DISMISS FOR FAILURE TO**
| **STATE A CLAIM (RULE 12(b)(6)),**
15 Plaintiffs, | **MOTION FOR MORE DEFINITE**
| **STATEMENT (RULE 12(e)) AND**
16 | **MOTION TO STRIKE (RULE**
v. | **12(f)); MEMORANDUM OF**
17 | **POINTS AND AUTHORITIES**

18 OBERON MEDIA, INC., a Delaware | The Honorable John F. Walter
corporation, and DOES 1 through 10,
19 inclusive, | Date: March 1, 2010
| Time: 1:30 p.m.
20 | Crtrm.: 16, Spring Street
Defendants.
21 | [*Request for Judicial Notice;
| Declarations of Gabriel D. Miller and
22 | Jordan Goldstein; and [Proposed]
| Order, filed concurrently herewith*]
23

24

25

26

27

28

**Kendall Brill
& Klieger LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

---

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on March 1, 2010, at 1:30 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable John F. Walter, located in the United States Courthouse, 312 N. Spring Street, Los Angeles, CA 90012, Oberon Media, Inc. ("Oberon") will and hereby does move this Court: (1) to dismiss the First, Second, and Fourth Claims for Relief in the complaint of Blake R. Williams and Peggy J. McGregor (collectively "Plaintiffs") for failure to state a claim upon which relief can be granted (Rule 12(b)(6)); (2) to order Plaintiffs to provide a more definite statement (Rule 12(e)); and (3) to strike certain immaterial and impertinent allegations from the Complaint (Rule 12(f)).

A.     The Motion to Dismiss (Rule 12(b)(6)) is made upon the following grounds:

1.     Plaintiffs' First Claim for Relief, labeled "ETF is an Unlawful Penalty," fails for at least three independent reasons:

a.     First, Plaintiffs do not identify which laws or statutes the alleged "early termination fee" allegedly violates.

b.     Second, Plaintiffs fail to allege that either of them was actually charged the alleged "early termination fee," and thus they lack standing to assert the claim and, in any event, have suffered no recoverable damages.

c.     Third, the challenged fee is not an "early termination fee" or liquidated damages provision subject to scrutiny under traditional common and statutory laws affecting such provisions, but is instead an accelerated performance provision that provides a GameSaver member with an alternative means of performing her obligations under the membership agreement.

2.     Plaintiffs' Second Claim for Relief, for alleged violations of Section 17200 of the California Business and Professions Code, fails for at least three independent reasons:

1

a.      First, while Plaintiffs allege generally that Oberon's actions have been "unlawful, unfair or deceptive," they fail to identify which one or more of these three legal bases underlie their § 17200 claim.

b.      Second, to the extent that Plaintiffs contend that Oberon's actions have been "unlawful," Plaintiffs have not identified any common or statutory law that Oberon is alleged to have violated.

c.      Third, to the extent Plaintiffs contend that Oberon's actions have been "unfair or deceptive," Plaintiffs have not alleged facts that would satisfy either standard.

3.     Plaintiffs' Fourth Claim for Relief is that Oberon has breached its contract with Plaintiffs.  This claim for relief fails because Plaintiffs do not identify the contract or terms that Oberon allegedly breached.

B.     The Motion for More Definite Statement (Rule 12(e)) is made upon the ground that the allegations in the Complaint specifically regarding Plaintiff McGregor are too vague for Oberon to ascertain the nature of the claims being asserted, to prepare a response, or to allow Oberon to locate any record of McGregor as a customer.

C.     The Motion to Strike (Rule 12(f)) all class-related allegations from the Complaint is made upon the following three independent grounds:

1.     First, the putative class includes customers who have not experienced *any* of the alleged harms set forth in the Complaint, and, consequently, the class is not ascertainable because not all putative members have standing to bring a claim.

2.     Second, in no event would Plaintiffs' Section 17200 claims, even if they were sufficiently pleaded, be applicable to any putative class members *except* California residents.

**Kendall Brill & Klieger LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

2

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (12(b)(6)),
MOTION FOR MORE DEFINITE STATEMENT (12(e)) AND MOTION TO STRIKE (12(f));
MEMORANDUM OF POINTS AND AUTHORITIES

3.      Third, inasmuch as neither Plaintiff has alleged facts sufficient to show that the class allegations relating to the alleged "early termination fee" would apply to her, neither Plaintiff has standing to bring such claims on behalf of putative class members.

These Motions are based on this Notice of Motion; the attached Memorandum of Points and Authorities; the Request for Judicial Notice; Declarations of Gabriel D. Miller and Jordan Goldstein; all of the pleadings, files, and records in this proceeding; all other matters of which the Court may take judicial notice; and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

These Motions are made following the conference of counsel pursuant to Local Rule 7-3 and Standing Order ¶ 5(a) which commenced on January 21, 2010. *See* Miller Decl. ¶¶ 2–3 & Ex. A.

Dated:  January 29, 2010                    Respectfully submitted,

                                            KENDALL BRILL & KLIEGER LLP


                                            By:   s/ Richard B. Kendall
                                                  Richard B. Kendall
                                                  Attorneys for Defendant
                                                  Oberon Media, Inc.

3

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (12(b)(6)),
MOTION FOR MORE DEFINITE STATEMENT (12(e)) AND MOTION TO STRIKE (12(f));
MEMORANDUM OF POINTS AND AUTHORITIES

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .................................................................................. 1

II. BACKGROUND .................................................................................. 4

III. ARGUMENT ...................................................................................... 6

    A.    Plaintiffs Fail To State A Valid Claim Under Their First, Second, And Fourth Causes Of Action, And Those Causes Of Action Should Be Dismissed Under Rule 12(b)(6) ............................................. 7

        1.    Plaintiffs' First Cause Of Action, Labeled "ETF is an Unlawful Penalty," Does Not State A Valid Claim For Relief ............................................................................................ 8

            (a)    Plaintiffs Do Not Identify Which Law Or Laws The Accelerated Performance Provision Allegedly Violates ...................................................................................... 9

            (b)    Plaintiffs Do Not Have Standing To Challenge The Accelerated Performance Provision ................................. 9

            (c)    The Accelerated Performance Provision Is Not A Liquidated Damages Provision ........................................ 9

        2.    Plaintiffs Have Not Stated A Claim Under California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200) ...... 11

            (a)    Plaintiffs Fail To Allege Which Of The Three Prongs Of § 17200 Allegedly Apply To Oberon's Actions ................................................................................ 11

            (b)    Plaintiffs Fail To Indicate Which Statute(s) Or Law(s) Oberon Allegedly Violated ................................. 12

            (c)    Plaintiffs Do Not State Sufficient Facts To Support A Claim That Oberon Acted Unfairly Or Fraudulently ............................................................................ 13

        3.    Plaintiffs Have Not Stated A Claim For Breach Of Contract ..................................................................................... 15

    B.    Plaintiffs' Allegations As To Plaintiff McGregor Are Insufficiently Vague And Require A More Definite Statement Under Rule 12(e) ................................................................................... 15

    C.    The Court Should Strike From The Complaint The Allegations Regarding All Putative Class Members Under Rule 12(f) ................. 16

IV. CONCLUSION ................................................................................... 20

i

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

4

## <u>CASES</u>

5

*Aron v. U-Haul Co. of California*,
    143 Cal. App. 4th 796 (2006) .......................................................................... 14

6

*Ashcroft v. Iqbal*,
7
    556 U.S. __, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009) ............................ 7, 14

8

*Atlantic Recording Corp. v. Howell*,
    554 F. Supp. 2d 976 (D. Ariz. 2008) .................................................................. 5

9

*Birdsong v. Apple, Inc.*,
10
    __ F.3d __, 2009 WL 5125776 (9th Cir. Dec. 30, 2009) ................................ 13

11

*Bell Atlantic v. Twombly*
    550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .............................. 6

12

*B.K. Fashion, Inc. v. Ambassador College Bookstores, Inc.*,
13
    2009 WL 1159956 (C.D. Cal. Apr. 27, 2009) ................................................. 16

14

*Campbell v. Allstate Insurance Cos.*,
    1995 WL 376926 (C.D. Cal. May 17, 1995) ................................................... 15

15

*Davis v. Chase Bank*,
16
    __ F. Supp. 2d __, 2009 WL 286881 (C.D. Cal. Sept. 3, 2009) ...................... 7

17

*Fox Hollow of Turlock Owners' Ass'n v. Sinclair*,
    2007 WL 987873 (E.D. Cal. Mar. 30, 2007) .................................................. 12

18

*Friends of the Earth, Inc. v. Laidlaw Environmental Servuces (TOC), Inc.*,
19
    528 U.S. 167, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000) ................................. 9

20

*Hovsepian v. Apple, Inc.*,
    2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) ................................................ 17

21

*Hutchison v. AT&T Internet Services, Inc.*,
22
    2009 WL 1726344 (C.D. Cal. May 5, 2009) ............................................. 10, 11

23

*In re American Funds Securities Litigation*,
    556 F. Supp. 2d 1100 (C.D. Cal. 2008) ............................................................ 7

24

*In re Sears, Roebuck & Co. Tools Marketing & Sales Practices Litigation*,
25
    2009 WL 3460218 (N.D. Ill. Oct. 20, 2009) .............................................. 17, 18

26

*Jacobs v. Citibank, N.A.*,
    92 A.D.2d 786, 459 N.Y.S.2d 781 (N.Y. App. Div. 1983) ............................. 10

27

28

**Kendall Brill
& Klieger LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

ii

*Johnson v. Robinson*
  2009 WL 747231 (E.D. Cal. Mar. 20, 2009) ..............................................9, 12

*London v. New Albertson's, Inc.*,
  2008 WL 4492642 (S.D. Cal. Sept. 30, 2008) ..............................................13

*Mendoza v. Countrywide Home Loans, Inc.*,
  2009 WL 4706350 (N.D. Cal. Dec. 3, 2009) ..............................................15

*Miller v. Motorola, Inc.*,
  76 F.R.D. 516 (N.D. Ill. 1977) ..............................................17

*Miller v. Nissan Motor Acceptance Corp.*,
  362 F.3d 209 (3d Cir. 2004) ..............................................9

*Morris v. Redwood Empire Bancorp*,
  128 Cal. App. 4th 1305 (2005) ..............................................11

*North Star Int'l v. Arizona Corp. Commission*,
  720 F.2d 578 (9th Cir. 1983) ..............................................6

*Norwest Mortgage, Inc. v. Superior Court*,
  72 Cal. App. 4th 214 (1999) ..............................................18

*Otworth v. Southern Pacific Transportation Co.*,
  166 Cal. App. 3d 452, 212 Cal. Rptr. 743 (1985)) ..............................................15

*Patel v. Parnes*,
  253 F.R.D. 531 (C.D. Cal. 2008) ..............................................7

*People v. Casa Blanca Convalescent Homes Inc.*,
  159 Cal. App. 3d 509 (1984) ..............................................14

*Sanders v. Apple, Inc.*,
  __ F. Supp. 2d __, 2009 WL 150950 (N.D. Cal. Jan. 21, 2009) ..............16, 18

*Searle v. Wynhdam Int'l, Inc.*,
  102 Cal. App. 4th 1327 (2002) ..............................................14

*Semegen v. Weidner*,
  780 F.2d 727 (9th Cir. 1985) ..............................................14

*Solid Host, NL v. Namecheap, Inc.*,
  652 F. Supp. 2d 1092 (C.D. Cal. 2009) ..............................................11

*Sosna v. Iowa*,
  419 U.S. 393, 95 S. Ct. 553, 42 L. Ed. 2d 532 (1975) ..............................................19

*Speigler v. Home Depot U.S.A., Inc.*,
  552 F. Supp. 2d 1036 (C.D. Cal. 2008) ..............................................14

*Stearns v. Select Comfort Retail Corp.*,
  2009 WL 4723366 (N.D. Cal. Dec. 9, 2009) ..............................................16

**Kendall Brill
& Klieger LLP**

10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

iii

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (12(b)(6)),
MOTION FOR MORE DEFINITE STATEMENT (12(e)) AND MOTION TO STRIKE (12(f));
MEMORANDUM OF POINTS AND AUTHORITIES

*Sybersound Records, Inc. v. UAV Corp.*,
    517 F.3d 1137 (9th Cir. 2008)........................................................................12

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003)..........................................................................7

*Vernon v. Qwest Communications Int'l, Inc.*,
    643 F. Supp. 2d 1256 (W.D. Wash. 2009)......................................................8

*Vess v. Ciba-Geigy Corp. U.S.A.*,
    317 F.3d 1097 (9th Cir. 2003)......................................................................14

*Warth v. Seldin*,
    422 U.S. 490, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)................................13

*Webb v. Smart Document Solutions, LLC*,
    499 F.3d 1078 (9th Cir. 2007)......................................................................12


**STATUTES**

California Business & Professions Code § 17200.................................................passim


**RULES**

Federal Rule of Civil Procedure 8(a)........................................................................9, 12

Federal Rule of Civil Procedure 9(b) ..........................................................................14

Federal Rule of Civil Procedure 12(b)(6).................................................................6, 7

Federal Rule of Civil Procedure 12(e)..........................................................................15

Federal Rule of Civil Procedure 12(f) ..........................................................................16

**Kendall Brill
& Klieger LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (12(b)(6)),
MOTION FOR MORE DEFINITE STATEMENT (12(e)) AND MOTION TO STRIKE (12(f));
MEMORANDUM OF POINTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Oberon Media, Inc. ("Oberon") is one of the world's leaders in the development and sale of multi-platform "casual" videogames,[1] with specific expertise in the online, mobile, interactive-TV and retail markets.  As a significant component of its business, Oberon sells downloadable games via the Internet.  Over the last several years, the plaintiffs in this case, Blake R. Williams and Peggy J. McGregor (collectively, "Plaintiffs"), allegedly purchased and downloaded a number of videogames from Oberon.  In connection with those purchases, Plaintiffs allegedly enrolled in the "GameSaver" membership plan, which is Oberon's multiple-purchase discount program.  As GameSaver members, Plaintiffs earned a significant discount off the retail price of the videogames they purchased, as well as one game at no additional charge for each month of their memberships.  In exchange, Plaintiffs promised to pay Oberon a monthly membership fee for a minimum term, with an option of continuing the membership on a month-to-month basis after fulfilling the initial term.

By this action, Plaintiffs attempt to parlay a series of customer service complaints into a multi-million-dollar, worldwide class action.  Plaintiff Williams alleges that she experienced technical problems downloading the monthly game included in her GameSaver membership, that she was double-charged for her monthly membership fee, that she was charged a "hidden" international transaction fee, and that Oberon cannot lawfully require her to pay the amount she committed to pay in exchange for the games she committed to buy.  Plaintiff McGregor, in

---

[1] "Casual games" are simple, arcade-style videogames involving puzzles, trivia, playing cards, and the like that can be played via the Internet, videogame systems, and mobile phones.  Popular casual games include Tetris, Solitaire, Mahjong, and Bejeweled.

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1   contrast, alleges that, although she has been an Oberon customer since 2005, she
2   never intended to enroll as a GameSaver member and thus should not have been
3   charged GameSaver membership fees.  She also alleges that she was charged for
4   international transaction fees, although she does not allege that it is Oberon (as
5   opposed to her credit card issuer) who is charging her such fees.  Based upon these
6   factual allegations, Plaintiffs purport to assert four separate claims for relief.  As
7   demonstrated below, however, three of those four claims fail to state a viable claim
8   for relief.[2]

9        Plaintiffs' first claim for relief asserts that a cancellation option in the
10  GameSaver agreement, which at the customer's request accelerates both the
11  customer's right to redeem the games included in her membership and the
12  customer's obligation to pay the membership fees due to Oberon, is "an unlawful
13  penalty in violation of common law and applicable statutory law."  Cmplt. ¶ 36.
14  This claim fails on multiple levels.  First, Plaintiffs do not identify which laws or
15  statutes this requirement allegedly violates.  Second, Plaintiffs fail to allege that
16  either of them was actually charged any sums pursuant to the accelerated
17  performance provision, and thus they lack standing to assert the claim and, in any
18  event, have suffered no recoverable damages.  Third, this provision is *not* a
19  liquidated damages provision subject to scrutiny under traditional common and

_____

[2] Because the Court must accept as true Plaintiffs' allegations for purposes of this Motion, Plaintiffs have likely satisfied Rule 8(a) with respect to their third cause of action for unjust enrichment, because they allege that Oberon charged them "hidden" foreign transaction fees.  Cmplt. ¶¶ 25–26.  However, as a factual matter, this allegation is simply not true.  Oberon ***does not nor has it ever*** charged its customers a foreign transaction fee—a fact that Oberon's counsel has made abundantly clear to Plaintiffs' counsel in the hope of avoiding needless additional motion practice.  Miller Decl., Ex. A.  Should Plaintiffs continue with this unfounded claim, however, Oberon will immediately seek summary judgment on this issue.

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (12(b)(6)),
MOTION FOR MORE DEFINITE STATEMENT (12(e)) AND MOTION TO STRIKE (12(f));
MEMORANDUM OF POINTS AND AUTHORITIES

1  statutory laws affecting such provisions.  Instead, the accelerated performance

2  provision simply provides a GameSaver member with an alternative means of

3  performing her obligations and receiving the benefits of her membership, under

4  which the member advances both her receipt of all the games she would have

5  received during the term of her membership agreement and her obligation to pay the

6  remaining monthly membership fees, thereby terminating any future obligation to

7  Oberon.

8      Plaintiffs fare no better on their second claim for relief, for alleged violations

9  of California's unfair competition statute, California Business & Professions Code

10  § 17200.  First, while Plaintiffs allege generally that Oberon's actions have been

11  "unlawful, unfair or deceptive," they fail to comply with the requirement that they

12  identify which one or more of these three bases underlie(s) their § 17200 claim.

13  Second, if Plaintiffs' assertions are construed as alleging that Oberon acted

14  unlawfully, Plaintiffs have not identified a single common or statutory law that

15  Oberon is alleged to have violated.  Third, if Plaintiffs' allegations are construed as

16  alleging that Oberon acted "unfairly" or "deceptively," Plaintiffs have not alleged

17  facts sufficient to satisfy either standard.

18      Plaintiffs' fourth claim for relief, for breach of contract, fails for the simple

19  reason that Plaintiffs do not identify the contract or terms that Oberon is alleged to

20  have breached.

21      In addition to the legal insufficiencies of Plaintiffs' claims, the allegations in

22  the Complaint regarding Plaintiff McGregor are, as a factual matter, too vague to

23  provide Oberon with sufficient basis to frame its responsive pleadings.  Although

24  the Complaint alleges that McGregor has been an Oberon customer since 2005 and

25  that she was enrolled as a GameSaver member in 2008, it does not contain sufficient

26  information to allow Oberon to locate Ms. McGregor's customer records.

27  McGregor has failed to identify her user ID, email address, the approximate date on

28

Kendall Brill
& Klieger LLP

10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

3
NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (12(b)(6)),
MOTION FOR MORE DEFINITE STATEMENT (12(e)) AND MOTION TO STRIKE (12(f));
MEMORANDUM OF POINTS AND AUTHORITIES

1   which she was allegedly enrolled in GameSaver, the website(s) from which she

2   purchased her games, or any other information that would enable Oberon to respond

3   to her claims.  The Court should require Plaintiffs to provide a more definite

4   statement with at least this basic information.

5          Finally, notwithstanding that Plaintiffs have failed to state cognizable claims

6   even on their own behalf, Plaintiffs filed this lawsuit as a putative class action on

7   behalf of "all GameSaver members and all persons who have purchased a game

8   from Oberon Media."  Cmplt. ¶ 28.  In light of Plaintiffs' claims for relief, however,

9   this purported class is grossly and facially overbroad.  First, the putative class

10  includes customers who have not experienced *any* of the alleged harms set forth in

11  the Complaint, and, consequently, the class is not ascertainable because not all

12  putative members have standing to bring a claim.  For this reason alone, the class

13  allegations as pleaded should be stricken from the complaint.  In addition, the law is

14  clear that Oberon customers who neither reside in California nor purchased their

15  games here have no claim under Cal. Bus. & Prof. Code § 17200.  Finally, neither

16  Plaintiff was charged a purported "early termination fee," so neither Plaintiff has

17  standing to represent any class members who might have claims relating to such

18  alleged fees.  Accordingly, Plaintiffs' class allegations should be stricken.

19                           **II.     BACKGROUND[3]**

20         Oberon markets and sells videogames that can be purchased and downloaded

21  online.  Cmplt. ¶ 11.  The games can be purchased either at full price on a one-off

22  basis, or at a discounted price by enrolling in the GameSaver service.  *Id.*

23  _____

24         [3] For purposes of this motion only, Oberon accepts as true the Complaint's

25  factual allegations, except that Oberon does not accept the truth of legal conclusions

    or allegations that are belied by information of which this Court may take judicial

26  notice.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001);

27  Oberon's Request for Judicial Notice ("RJN"), filed concurrently herewith, at 3.

28                                      4

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

GameSaver memberships are offered in two-month, six-month, and twelve-month durations, and the size of the discount the customer receives depends on the length of the membership in which she enrolls.  Cmplt. ¶¶ 12–14.[4]  Each GameSaver member is entitled to one game per month at no additional charge for the duration of the membership.  Cmplt. ¶¶ 11–12.

Plaintiffs' claims derive from a series of problems that Plaintiffs allegedly experienced with their GameSaver memberships.  Plaintiff Williams alleges that after she enrolled as a GameSaver member in February 2009, she experienced difficulty downloading her free monthly games, and, in the process of trying to redeem her monthly games, she inadvertently enrolled in another GameSaver account.  Cmplt. ¶ 23.  Williams further alleges that she was charged "undisclosed" fees, including a "foreign transaction fee of $0.06" each month.  Cmplt. ¶ 25.  She does *not* allege, however, that it was Oberon that charged her these fees—it was not—nor does she allege what other "fees" she was allegedly charged.  In addition, she does not allege that she terminated her GameSaver membership, much less that she was charged any "early termination fee."  To the contrary, the complaint alleges that she has been "prevented" from terminating her membership.  Cmplt. ¶ 24.

Plaintiff McGregor alleges that, although she has been an Oberon customer since 2005, she was enrolled as a GameSaver member in 2008 without her

_____

[4] Plaintiffs include in their Complaint a "screenshot" of the purchase option, or "checkout," webpage displaying these options.  *See* Cmplt. at 4 & ¶ 13; *Atl. Recording Corp. v. Howell*, 554 F. Supp. 2d 976, 978 (D. Ariz. 2008) (noting that "screenshots" are "images of a computer screen display").  Conspicuously omitted from the Plaintiffs' screenshot, however, are the Terms and Conditions to which a customer must agree before enrolling in the GameSaver service.  Because the Terms and Conditions are stated (in part) and referenced (in their entirety) on the purchase option webpage (from which Plaintiffs selectively quote in the Complaint), they may be properly considered in determining the sufficiency of Plaintiffs' claims.  *See* RJN at 5–7; Goldstein Decl. ¶ 4 & Ex. A.

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

5

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (12(b)(6)),
MOTION FOR MORE DEFINITE STATEMENT (12(e)) AND MOTION TO STRIKE (12(f));
MEMORANDUM OF POINTS AND AUTHORITIES

1  knowledge.  Cmplt. ¶ 26.  She also alleges that she has been unable to cancel her

2  membership and is being charged monthly membership fees and "hidden" fees.  *Id.*

3  Noticeably absent from the Complaint, however, is any allegation that McGregor

4  made a payment to Oberon or was charged by Oberon for the remaining balance due

5  on her account, that she has had any difficulty downloading free games, that she has

6  ever been double-charged by Oberon, what "hidden" fees she is allegedly being

7  charged, or that it is Oberon (as opposed to her credit card issuer) who is charging

8  her such fees.

9      Plaintiffs assert four claims for relief, labeled as follows, on their own behalf

10  and on behalf of all persons who have ever been an Oberon customer at any time

11  anywhere in the world: (1) "ETF is an unlawful penalty"; (2) "violations of Cal.

12  Bus. & Prof. Code §§ 17200, et seq."; (3) "unjust enrichment"; and (4) "breach of

13  contract."  *See generally* Cmplt. ¶¶ 35–60.  Oberon now moves to dismiss with

14  prejudice the first, second and fourth claims for relief asserted against it, to compel a

15  more definite statement with respect to allegations made regarding Plaintiff

16  McGregor, and to strike the class allegations.

17                    **III.   ARGUMENT**

18      A motion to dismiss tests the legal sufficiency of a complaint.  *See* Fed. R.

19  Civ. P. 12(b)(6); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.

20  1983).  Dismissal is warranted if no relief could be granted under any set of facts

21  that could be proved consistent with the allegations.  *Bell Atl. Corp. v. Twombly*,

22  550 U.S. 544, 563, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  A plaintiff must do

23  more than merely raise the possibility that some set of facts might support recovery;

24  it must set forth factual allegations that "raise a right to relief above the speculative

25  level."  *Twombly*, 550 U.S. at 555.  The Supreme Court recently affirmed these

26  requirements, explaining the two principles underlying *Twombly*: "First, the tenet

27  that a court must accept as true all of the allegations contained in a complaint is

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

6

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (12(b)(6)),
MOTION FOR MORE DEFINITE STATEMENT (12(e)) AND MOTION TO STRIKE (12(f));
MEMORANDUM OF POINTS AND AUTHORITIES

1    inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of

2    action, supported by mere conclusory statements, do not suffice. . . .  Second, only a

3    complaint that states a plausible claim for relief survives a motion to dismiss."

4    *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009).

5           When ruling on a motion to dismiss, a court may consider not only the

6    plaintiff's allegations, but also material attached to the complaint, referenced in the

7    complaint, relied upon by the plaintiff or otherwise subject to judicial notice.  *See*

8    *Patel v. Parnes*, 253 F.R.D. 531, 544 (C.D. Cal. 2008) ("Courts may . . . properly

9    consider exhibits submitted with the complaint, documents whose contents are

10   alleged in the complaint when their authenticity is not questioned, and matters that

11   may be judicially noticed pursuant to Federal Rule of Evidence 201."); *Davis v.

12   Chase Bank*, 650 F. Supp. 2d 1073, 1079 (C.D. Cal. 2009) (citing cases).  A

13   defendant may offer a document that forms the basis of the plaintiff's claim, and

14   "the district court may treat such a document as part of the complaint, and thus may

15   assume that its contents are true for purposes of a motion to dismiss."  *United States

16   v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also In re Am. Funds Secs. Litig.*,

17   556 F. Supp. 2d 1100, 1102–03 (C.D. Cal. 2008) ("[T]he Court may consider a

18   document the authenticity of which is not contested, and upon which the plaintiff's

19   complaint necessarily relies." (internal quotations and citation omitted)); RJN at 3.

20   **A.**   **Plaintiffs Fail To State A Valid Claim Under Their First, Second,**

21         **And Fourth Causes Of Action, And Those Causes Of Action**

22         **Should Be Dismissed Under Rule 12(b)(6)**

23          Plaintiffs have failed to allege facts sufficient to state a claim for relief under

24   their first, second, and fourth causes of action.  Accordingly, those causes of action

25   should be dismissed.

26

27

28

Kendall Brill
& Klieger LLP

10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

7

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (12(b)(6)),
MOTION FOR MORE DEFINITE STATEMENT (12(e)) AND MOTION TO STRIKE (12(f));
MEMORANDUM OF POINTS AND AUTHORITIES

1

**1.      Plaintiffs' First Cause Of Action, Labeled "ETF is an**

2

**Unlawful Penalty," Does Not State A Valid Claim For Relief**

3        Plaintiffs' first cause of action is directed at a cancellation provision, which

4  advances the performance of both the customer's and Oberon's obligations under

5  the parties' contract.  The cancellation provision enables the customer to pay in one

6  lump sum the balance of the monthly membership fees due to Oberon, and, in

7  return, to obtain immediate redemption of all of the free games which the customer

8  would otherwise have received on a monthly basis during the remaining term of the

9  agreement.  Plaintiffs do not identify the specific contractual provision that is

10 allegedly unlawful, but rely instead on the generalized allegation that Oberon's

11 "early termination fee" is a penalty.  This alone renders the Complaint defective.

12 *See Vernon v. Qwest Commc'ns Int'l, Inc.*, 643 F. Supp. 2d 1256, 1266 (W.D. Wash.

13 2009) (dismissing claim that "early termination fee" is unlawful because "Plaintiffs

14 have not alleged the existence of a contract, let alone a liquidated damages clause in

15 such a contract").  Oberon assumes for purposes of this motion that the challenged

16 provision is Section 4 of the GameSaver Membership Terms and Conditions, which

17 provides:

18       If you cancel your Membership before you have paid for the minimum
         number of months in your commitment, you will be charged for the

19       remaining months.   For every month of Membership for which you are
         charged, you are entitled to redeem one full download game at no

20       additional charge.  You will have 60 days to redeem the full download
         games you choose.

21
         Cancellation does not affect your rights with regard to redeemed full

22       download games. Those are yours to keep after cancellation.

23 Goldstein Decl., Ex. B, § 4, ¶¶ 3–4.  Plaintiffs' apparent claim that this provision

24 constitutes an "unlawful penalty" fails to state a valid cause of action for at least

25 *three* independent reasons.

26

27

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (12(b)(6)),
MOTION FOR MORE DEFINITE STATEMENT (12(e)) AND MOTION TO STRIKE (12(f));
MEMORANDUM OF POINTS AND AUTHORITIES

(a)   **Plaintiffs Do Not Identify Which Law Or Laws The Accelerated Performance Provision Allegedly Violates**

First, the Complaint states that the accelerated performance provision is "an unlawful penalty in violation of common law and applicable statutory law," Cmplt. ¶ 36, but it does not indicate *which* law(s) or statute(s) of *which* state(s) the requirement allegedly violates.  Thus, the Complaint fails to set forth a sufficient claim, "because it does not identify which provisions of state law were allegedly violated, be they the California Constitution, state statutes or state common law." *See Johnson v. Robinson*, 2009 WL 747231, at *4 (E.D. Cal. Mar. 20, 2009) (Fisher, CJ., by designation).  Because a "[p]laintiff bears the burden of notifying defendants and the court of the legal basis for his claims," *id.* (citing Fed. R. Civ. P. 8(a)), Plaintiffs have failed to state a valid claim for relief.

(b)   **Plaintiffs Do Not Have Standing To Challenge The Accelerated Performance Provision**

Second, Plaintiffs fail to allege that either of them were actually charged any money by Oberon pursuant to the accelerated performance provision.  Without such an allegation, Plaintiffs have not "suffered an injury in fact" and thus lack standing to challenge the provision as unlawful.  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000); *see also Miller v. Nissan Motor Acceptance Corp.*, 362 F.3d 209, 221–24 (3d Cir. 2004) (holding that plaintiff in putative class action lacked Article III standing to challenge early termination fee in automobile lease where plaintiff had not been charged an early termination fee).

(c)   **The Accelerated Performance Provision Is Not A Liquidated Damages Provision**

Third, although Plaintiffs refer to the GameSaver's accelerated performance provision as an "early termination fee"—an apparent attempt to bring it within the

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (12(b)(6)),
MOTION FOR MORE DEFINITE STATEMENT (12(e)) AND MOTION TO STRIKE (12(f));
MEMORANDUM OF POINTS AND AUTHORITIES

1   purview of legal rules that govern the enforceability of liquidated damages

2   provisions—it is ***not*** a liquidated damages provision.  Indeed, a GameSaver member

3   who chooses to cancel her membership does not breach her agreement with Oberon

4   and would therefore not be liable for damages—liquidated or otherwise.  To the

5   contrary, the accelerated performance provision allows a GameSaver member to

6   elect her method of performance—*viz.*, she may pay the membership fee monthly

7   and receive one included game each month *or* she may pay the remaining balance in

8   one lump sum and be entitled to receive all remaining free games immediately.

9   Goldstein Decl., Ex. B, § 4, ¶¶ 3–4 ("For every month of Membership for which you

10  are charged, you are entitled to redeem one full download game at no additional

11  charge.").  Thus, a GameSaver member pays exactly the same amount in fees and

12  receives the same number of games if she cancels her membership early as she

13  would have paid and received had she not cancelled her membership.  No penalty is

14  imposed.

15          The GameSaver membership agreement thus provides a customer with

16  multiple methods of performing her membership obligations, and the decision as to

17  which method she uses lies entirely within her discretion.  A contractual provision

18  that allows for alternative means of performance is not a liquidated damages

19  provision.  *See Hutchison v. AT&T Internet Servs., Inc.*, 2009 WL 1726344, at *4–

20  *5 (C.D. Cal. May 5, 2009) (explaining that a payment provision described as an

21  "early termination fee" by plaintiffs was not a liquidated damages provision because

22  it provided plaintiffs with multiple "means of fulfilling their obligations under the

23  Agreement" (citing California law)); *Jacobs v. Citibank, N.A.*, 92 A.D.2d 786, 787,

24  459 N.Y.S.2d 781, 782 (N.Y. App. Div. 1983) (finding that "a fixed charge,

25  stipulated to by plaintiffs for specified services to be rendered" cannot be construed

26

27

28

10

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (12(b)(6)),
MOTION FOR MORE DEFINITE STATEMENT (12(e)) AND MOTION TO STRIKE (12(f));
MEMORANDUM OF POINTS AND AUTHORITIES

as a liquidated damages fee).[5]  Indeed, a contract provision that authorizes payment in exchange for early termination is generally considered an alternative to performance and not a penalty, especially when the parties knew when they entered into the contract that paying the money owed was an inevitable and required component of performance.  *See Hutchison*, 2009 WL 1726344, at *4 (citing *Morris v. Redwood Empire Bancorp*, 128 Cal. App. 4th 1305, 1315 (2005) (a fee that "is merely a deferred charge attendant to initiating the account" does not constitute liquidated damages)).

### 2.   Plaintiffs Have Not Stated A Claim Under California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200)

Plaintiffs next allege that Oberon has engaged in six acts or practices that are "unlawful, unfair and deceptive," in violation of California Business and Professions Code § 17200.  Cmplt. ¶ 45.  For at least *three* independent reasons, however, Plaintiffs fail to allege a valid claim under § 17200.

### (a)   Plaintiffs Fail To Allege Which Of The Three Prongs Of § 17200 Allegedly Apply To Oberon's Actions

First, because § 17200 "is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent."  *Solid Host, NL v. Namecheap, Inc.*, 652 F. Supp. 2d 1092, 1120 (C.D. Cal. 2009) (internal quotation marks and citation omitted).  Plaintiffs do not allege, however, which of these three "varieties" form(s) the basis for their § 17200 claim, or which of the six allegations of wrongdoing alleged in the Complaint, *see* Cmplt.

---

[5] Because Plaintiffs fail to allege which specific laws or statutes the accelerated performance provision allegedly violates, *see* Part III.A.1.a, *supra*, Oberon includes citations herein both to California law (the forum in which Plaintiffs have sued) and New York law (the governing law under the GameSaver Membership Terms and Conditions, *see* Goldstein Decl., Ex. B. § 13).

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

11

¶ 45, are "unlawful" or "unfair" or "fraudulent."  Nor do Plaintiffs allege what specific type of relief they are seeking with respect to their § 17200 claim generally, much less what relief they seek with respect to each of the six allegedly "unlawful" or "unfair" or "fraudulent" acts.  Instead, Plaintiffs allege in only conclusory terms that they "seek an order of this Court against [Oberon] awarding restitution, injunctive relief and all other relief allowed under Cal. Bus. & Prof. Code §§ 17200, *et seq*."  Cmplt. ¶ 47.

This is not sufficient.  Plaintiffs' § 17200 claim should be dismissed because Plaintiffs have not sufficiently set forth a legal basis for the claim or an explanation of the relief they seek thereunder.  *See Johnson*, 2009 WL 747231, at *4 ("Plaintiff bears the burden of notifying defendants and the court of the legal basis for his claims.") (citing Rule 8(a)); *cf. Fox Hollow of Turlock Owners' Ass'n v. Sinclair*, 2007 WL 987873, at *5 (E.D. Cal. Mar. 30, 2007) (granting motion for more definite statement with respect to § 17200 claim, because (1) complaint did "not explain whether Plaintiffs [we]re alleging an 'unfair' business act or practice, an 'unlawful' one or a 'fraudulent' one," and (2) complaint was "also unclear as to the remedies sought" under the § 17200 claim).

**(b)      Plaintiffs Fail To Indicate Which Statute(s) Or Law(s) Oberon Allegedly Violated**

Second, even if it is assumed that Plaintiffs intended to state a claim under § 17200 based on the allegation that Oberon acted unlawfully, the Complaint does not allege that Oberon violated any specific statute(s) or law(s).  This omission is sufficient grounds for dismissing Plaintiffs' claim.  *See Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1152 (9th Cir. 2008) (affirming order dismissing claims breach of contract claims alleged under § 17200 because plaintiff failed to plead that defendant's conduct was "independently unlawful, unfair or fraudulent"); *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007) (noting that

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

12
NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (12(b)(6)),
MOTION FOR MORE DEFINITE STATEMENT (12(e)) AND MOTION TO STRIKE (12(f));
MEMORANDUM OF POINTS AND AUTHORITIES

the alleged conduct "must violate a law . . . in order for Plaintiffs to state a claim for relief under Section 17200's 'unlawful' prong"); *London v. New Albertson's, Inc.*, 2008 WL 4492642, at *10 (S.D. Cal. Sept. 30, 2008) (granting motion to dismiss § 17200 claims because "Plaintiff fail[ed] to allege a predicate violation of another statutory provision or law").

Moreover, to the extent that Plaintiffs' § 17200 claim is based on the specific allegation that the accelerated performance requirement of Section 4 (i.e., the "early termination fee") is unlawful, as explained above, Plaintiffs have not alleged that either of them was actually charged any "early termination fee," thus they lack standing to bring a § 17200 claim based on that underlying alleged violation. *See Birdsong v. Apple, Inc.*, __ F.3d __, 2009 WL 5125776, at *3 (9th Cir. Dec. 30, 2009) ("To have standing under California's UCL, as amended by California's Proposition 64, plaintiffs must establish that they (1) suffered an injury in fact and (2) lost money or property as a result of the unfair competition."); *Warth v. Seldin*, 422 U.S. 490, 501, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975) ("[T]he plaintiff still must allege a distinct and palpable injury to himself, even if it is an injury shared by a large class of other possible litigants."). And in any event, as demonstrated in Part III.A.1.c, *supra*, the accelerated performance requirement of Section 4 is not unlawful.

(c)     **Plaintiffs Do Not State Sufficient Facts To Support A Claim That Oberon Acted Unfairly Or Fraudulently**

Third, the allegations in the Complaint also are insufficient to state a claim under the "unfair" or "fraudulent" prongs of § 17200.

For Plaintiffs to prove that Oberon's conduct is actionable under the statute because it was "unfair," they must show that the conduct "'offends an established public policy'" or "'is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'"  *Speigler v. Home Depot U.S.A., Inc.*, 552 F. Supp. 2d

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

13

1036, 1045 (C.D. Cal. 2008) (quoting *People v. Casa Blanca Convalescent Homes Inc.*, 159 Cal. App. 3d 509, 530 (1984)).  Plaintiffs also must allege that their purported injuries could not have been avoided because they did not have a choice as to whether to become Oberon customers or GameSaver members.  *See Searle v. Wynhdam Int'l, Inc.*, 102 Cal. App. 4th 1327, 1334–35 (2002) (dismissing § 17200 claim because plaintiff was given notice of allegedly "unfair" charge and "freedom to decline the service" that incurred that charge).  Furthermore, to prove that Oberon acted "fraudulently," Plaintiffs must show that "members of the public [we]re likely to be deceived" by Oberon's actions.  *Aron v. U-Haul Co. of Calif.*, 143 Cal. App. 4th 796, 806 (2006) (internal quotation marks and citation omitted).

While Plaintiffs state in conclusory terms that Oberon's actions were "unfair" and "deceptive," Cmplt. ¶¶ 45–46, Plaintiffs have not alleged facts to support these assertions, and alleging mere legal conclusions clearly is not sufficient to state a claim.  *See Iqbal*, 129 S. Ct. at 1949–50.  With respect to Plaintiffs' allegation that Oberon has acted fraudulently, they fail to meet the heightened pleading standard of Rule 9(b), which requires that "[a]verments of fraud . . . be accompanied by the who, what, when, where, and how of the misconduct alleged."  *Vess v. Ciba-Geigy Corp. U.S.A.*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks and citations omitted) (applying heightened pleading standard of Rule 9(b) to claims alleged under § 17200); *see also* Fed. R. Civ. P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.").  To accomplish this, the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."  *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).  Here, Plaintiffs do not even attempt to identify any specific statements made by Oberon, much less explain how any such statements were false or misleading.

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

14
NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (12(b)(6)),
MOTION FOR MORE DEFINITE STATEMENT (12(e)) AND MOTION TO STRIKE (12(f));
MEMORANDUM OF POINTS AND AUTHORITIES

### 3.   <u>Plaintiffs Have Not Stated A Claim For Breach Of Contract</u>

Finally, the Complaint fails to state a valid claim for breach of contract.  *See* Cmplt. ¶¶ 54–60.  To state a viable claim for breach of contract, a plaintiff must identify the contract at issue and the terms that allegedly have been breached.  *See Mendoza v. Countrywide Home Loans, Inc.*, 2009 WL 4706350, at *3 (N.D. Cal. Dec. 3, 2009) (dismissing breach claim where "Plaintiffs fail to specify which documents constitute the contracts that are the basis for this claim, and Plaintiffs fail to allege the specific terms of the contracts that have been breached"); *Campbell v. Allstate Ins. Cos.*, 1995 WL 376926, at *2 (C.D. Cal. May 17, 1995) ("California law establishes that in order to state a valid claim for breach of contract, 'the terms of the contract must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference.'" (quoting *Otworth v. S. Pac. Trans. Co.*, 166 Cal. App. 3d 452, 458, 212 Cal. Rptr. 743, 747 (1985))).  Plaintiffs have done neither.  Specifically, the Complaint is devoid of any allegation as to what document(s) constitute the contract at issue or the specific term(s) of any such contract that Oberon allegedly breached.[6]  Accordingly, the fourth claim for relief should be dismissed.

### B.   <u>Plaintiffs' Allegations As To Plaintiff McGregor Are Insufficiently Vague And Require A More Definite Statement Under Rule 12(e)</u>

Under Rule 12(e), "[i]f a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."  Fed. R. Civ. P. 12(e).  Plaintiffs' allegations specific to Plaintiff McGregor are too vague to enable Oberon to respond.  The Complaint alleges that McGregor is an Oberon

---

[6] Plaintiffs' allegations in paragraphs 56, 57 and 58 as to what material terms are *not* in the contract do not satisfy their burden of pleading what terms *are* in the contract.  Cmplt. ¶¶ 56–58.

Kendall Brill
& Klieger LLP

10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

customer, "has been unsuccessfully trying to cancel the [GameSaver] service," and "is being charged the monthly fees and hidden fees for the GameSaver membership she did not order."  Cmplt. ¶ 26.  Oberon has been unable to locate McGregor's customer records using this sketchy information.[7]  Consequently, Oberon seeks an order requiring Plaintiffs to provide a more definite statement identifying her user ID, email address, the approximate date on which she was allegedly enrolled in GameSaver, or the website(s) from which she purchased her games.  *See, e.g.*, *B.K. Fashion, Inc. v. Ambassador Coll. Bookstores, Inc.*, 2009 WL 1159956, at *3 (C.D. Cal. Apr. 27, 2009) (granting Rule 12(e) motion when allegations in Complaint are insufficient to provide defendant with reasonable factual basis upon which to prepare a response).

## C.   The Court Should Strike From The Complaint The Allegations Regarding All Putative Class Members Under Rule 12(f)

Finally, the allegations regarding the putative class members should be stricken from the Complaint, inasmuch as the putative class is wildly overbroad on its face and there is no legal basis upon which the claims asserted could be sustained on behalf of the putative class alleged.  Under Rule 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous."  Fed. R. Civ. P. 12(f).  The Court also may strike a prayer for relief that is not available as a matter of law.  *See Sanders v. Apple Inc.*, __ F. Supp. 2d __, 2009 WL 150950, at *9 (N.D. Cal. 2009) ("Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery."); *Stearns v. Select Comfort Retail Corp.*, 2009 WL 4723366, at *14 (N.D. Cal. Dec. 9, 2009)

---

[7] Prior to filing this Motion, counsel for Oberon requested that Plaintiffs' counsel supply additional information about Plaintiff McGregor, but Plaintiffs declined to do so.  Miller Decl., Ex. A.

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1  ("[I]t is procedurally proper to strike futile class claims at the outset of litigation to

2  preserve time and resources.").

3        The Complaint sets forth numerous allegations as to a putative class of

4  plaintiffs that includes "all persons who have purchased a game from Oberon

5  Media"—in other words, *every* person who has purchased a game from Oberon at

6  *any* time, from *anywhere* in the world.  The putative class is vastly overbroad.

7  Because it applies to *all* Oberon customers, including customers who are not and

8  have never been GameSaver members, the putative class includes customers who

9  have not experienced any of the harms alleged in the Complaint.  *See Hovsepian v.*

10  *Apple, Inc.*, 2009 WL 5069144, at *6 (N.D. Cal. Dec. 17, 2009) (finding that a

11  putative class "is not ascertainable because it includes members who have not

12  experienced any problems with their [products]" and therefore "have no injury and

13  no standing to sue"); *Sanders*, 2009 WL 150950, at *10 (explaining that class is not

14  ascertainable because it does not exclude those individuals who have suffered no

15  injury as a result of the defendant's allegedly wrongful acts).  Because the putative

16  class is so facially overbroad, the class action allegations as pleaded should be

17  stricken.  *See, e.g.*, *Miller v. Motorola, Inc.*, 76 F.R.D. 516, 518 (N.D. Ill. 1977)

18  (granting motion to strike class action allegations where proposed class was plainly

19  overbroad); *In re Sears, Roebuck & Co. Tools Marketing & Sales Practices Litig.*,

20  2009 WL 3460218, at *5 (N.D. Ill. Oct. 20, 2009) (no particular showing required to

21  reject class allegations where class appears "'wildly' overbroad" and "[t]here is

22  ample reason to believe that a great many of the putative class members were not

23  injured").

24        Even if the class allegations are not stricken in their entirety based on the

25  facial overbreadth of the putative class, the motion to strike should be granted as to

26  the following specific allegations:

27

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

17

- "Plaintiffs' claims are typical of the claims of the Class because Plaintiffs and all members of the Class were injured economically by the same wrongful practices and conduct of Defendant as described in this Complaint." Cmplt. ¶ 31. As noted above, the putative class as pleaded includes persons who are not even GameSaver members, and thus have not been injured by any of the purported wrongful practices and conduct that are alleged in the complaint. *See, e.g.*, *Sanders*, 2009 WL 150950, at *10; *In re Sears*, 2009 WL 3460218, at *5.

- "Plaintiffs' claims arise from the same practices and conduct that gave rise to claims of the Class members, and are based on the same legal theories." Cmplt. ¶ 31. Plaintiffs' unfair competition claim, which is based specifically on alleged violations of Section 17200 of the California Business & Professions Code, is necessarily based on different legal theories than that of any putative class members who reside and purchased games outside of California. Because Oberon is not a California resident, *see* Cmplt. ¶ 8, only customers who reside in California or purchase games from within California may maintain claims under Section 17200. *See Norwest Mortgage, Inc. v. Superior Court*, 72 Cal. App. 4th 214, 222 (1999) (holding that § 17200 is not available to non-California plaintiffs in a suit against a non-California defendant based on conduct that allegedly occurred outside of California).

- "The only difference between Plaintiffs and the individual members of the Class could be the amount of damages sustained, which is an amount that can be readily determined, and does not bar or in any way impair class certification." Cmplt. ¶ 31. Although this statement is wrong on many levels, it is facially inaccurate given how broadly the putative class has been defined. Indeed, it is evident on the face of the complaint that Oberon customers who are GameSaver members stand on a very different footing that Oberon

18

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

customers who are not GameSaver members.  Thus, in the event that the Court declines to strike the putative class as overbroad, this allegation should be stricken.

- "There are common questions of law and fact, among others, including: . . . c) Whether Defendant engaged in unlawful, unfair and deceptive acts or practices in regards to the ETF; d) Whether Defendant engaged in unlawful, unfair and deceptive acts or practices in regards to early cancellation of the GameSaver discount program; (e) Whether the ETF is unlawful; (f) Whether the ETF is unconscionable . . . ."  Cmplt. ¶ 30(c)–(f).  As discussed in Part III.A.1.b, *supra*, neither of the Plaintiffs has been charged an early termination fee, and neither therefore has standing to challenge any such fee as an unlawful liquidated damages provision.  Plaintiffs cannot serve as class representatives with respect to claims that they themselves lack standing to assert.  *See Sosna v. Iowa*, 419 U.S. 393, 403, 95 S. Ct. 553, 559, 42 L. Ed. 2d 532 (1975) (opining that plaintiff must be a member of the class which she seeks to represent to have Article III standing).

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (12(b)(6)), MOTION FOR MORE DEFINITE STATEMENT (12(e)) AND MOTION TO STRIKE (12(f)); MEMORANDUM OF POINTS AND AUTHORITIES

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1

## IV.   CONCLUSION

2       For the foregoing reasons, Plaintiffs have not pleaded claims upon which

3 relief can be granted with respect to their first, second and fourth claims for relief.

4 Oberon respectfully requests, therefore, that the Court dismiss those claims in their

5 entirety.  Oberon also respectfully requests that the Court require Plaintiffs to

6 provide a more definite statement as to the allegations specific to Plaintiff

7 McGregor.  Last, Oberon respectfully requests that the Court strike the class

8 allegations from the Complaint.

9 Dated:  January 29, 2010          Respectfully submitted,

10                           KENDALL BRILL & KLIEGER LLP

11

12

13                       By:   s/ Richard B. Kendall

14                           Richard B. Kendall

15                           Attorneys for Defendant
Oberon Media, Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (12(b)(6)),
MOTION FOR MORE DEFINITE STATEMENT (12(e)) AND MOTION TO STRIKE (12(f));
MEMORANDUM OF POINTS AND AUTHORITIES