**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**          **PRIORITY SEND**

<u>CIVIL MINUTES -- GENERAL</u>

Case No.     **CV 09-8764-JFW (AGRx)**                    Date:  February 1, 2010

Title:       Blake R. Williams, et al. -v- Oberon Media, Inc., et al.

---

**PRESENT:**

    **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

    **Shannon Reilly**                         **None Present**
    **Courtroom Deputy**                       **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**      **ATTORNEYS PRESENT FOR DEFENDANTS:**
    None                                      None

**PROCEEDINGS (IN CHAMBERS):**   **ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM THE DEADLINE TO FILE A CLASS CERTIFICATION MOTION UNDER LOCAL RULE 23-3 [filed 1/8/2010; Docket No. 9]**

On January 8, 2010, Plaintiffs Blake R. Williams and Peggy J. McGregor ("Plaintiffs") filed a Motion for Relief from the Deadline to File a Class Certification Motion Under Local Rule 23-3.  On February 12, 2010, Defendant Oberon Media, Inc. ("Defendant") filed its Notice of Non-Opposition. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for February 8, 2010 is hereby vacated and the matter taken off calendar.  After considering the moving papers and the arguments therein, the Court rules as follows:

Pursuant to Rule 6(b)(1)(A), the Court "may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires".

In this case, Plaintiffs have failed to demonstrate good cause for an extension of the Local Rule 23-3 deadline for filing a motion for class certification.  Plaintiffs primarily argue that good cause exists for an extension of the Local Rule 23-3 deadline on the grounds that they are unable to conduct any discovery until the Court issues an order setting a Scheduling Conference and the parties conduct their Federal Rule of Civil Procedure 26(f) conference, relying on Federal Rule of Civil Procedure 26(d)(1), which provides: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order."  Given the obvious importance to Plaintiffs of conducting discovery in this case prior to filing their motion for class certification and this Court's Standing Order, which states in paragraph 4(b) that "counsel should begin to actively conduct discovery before the Scheduling Conference,"

Initials of Deputy Clerk __sr__

Plaintiffs could have conducted early discovery on class certification.  Moreover, in the unlikely event Plaintiffs had any doubt regarding the propriety of early discovery based on the Standing Order, Plaintiffs could have sought leave of the Court to conduct early discovery on class certification issues.

Accordingly, Plaintiffs' Motion for Relief from the Deadline to File a Class Certification Motion Under Local Rule 23-3 is **DENIED**.

IT IS SO ORDERED.

Initials of Deputy Clerk  _sr_