1   KENDALL BRILL & KLIEGER LLP
    Richard B. Kendall (90072)
2     *rkendall@kbkfirm.com*
    Robert N. Klieger (192962)
3     *rklieger@kbkfirm.com*
    Gabriel D. Miller (243359)
4     *gmiller@kbkfirm.com*
    10100 Santa Monica Blvd., Suite 1725
5   Los Angeles, California  90067
    Telephone:   310.556.2700
6   Facsimile:   310.556.2705

7   Attorneys for Defendant
    Oberon Media, Inc.

8

9                    UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12   BLAKE R. WILLIAMS, an individual,        Case No. CV-09-8764 JFW (AGRx)
     and PEGGY J. McGREGOR, an
13   individual, for themselves and on behalf   **OBERON MEDIA, INC.'S REPLY**
     of all others similarly situated,          **IN SUPPORT OF ITS MOTION TO**
14                                               **DISMISS FOR FAILURE TO**
                                                 **STATE A CLAIM (RULE 12(b)(6)),**
15              Plaintiffs,                      **MOTION FOR MORE DEFINITE**
                                                 **STATEMENT (RULE 12(e)), AND**
16        v.                                     **MOTION TO STRIKE (RULE 12(f))**

17   OBERON MEDIA, INC., a Delaware          The Honorable John F. Walter
     corporation, and DOES 1 through 10,
18   inclusive,                               Date:   March 1, 2010
                                              Time:   1:30 p.m.
19              Defendants.                   Crtrm.: 16, Spring Street

20

21

22

23

24

25

26

27

28

**Kendall Brill
& Klieger LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

OBERON MEDIA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A
CLAIM, MOTION FOR MORE DEFINITE STATEMENT, AND MOTION TO STRIKE

# TABLE OF CONTENTS

**Page**

I.     Plaintiffs' Claim Regarding The "ETF" Is Insufficient ................................... 1

       A.     Plaintiffs Have Not Satisfied The Requirements of Rule 8(a) .............. 1

       B.     Plaintiffs Do Not Have Standing To Assert Their "ETF" Claim .......... 3

       C.     Section 4 Provides A Method Of Alternative Performance ................. 6

II.    Plaintiffs Have Not Stated A Claim Under § 17200 ........................................ 8

III.   Plaintiffs Have Not Stated A Claim For Breach Of Contract ........................ 10

IV.    Plaintiffs' Class Allegations Are Insufficient As A Matter Of Law .............. 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Kendall Brill & Klieger LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

OBERON MEDIA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, MOTION FOR MORE DEFINITE STATEMENT, AND MOTION TO STRIKE

1

<u>**TABLE OF AUTHORITIES**</u>

2

<u>**Page**</u>

3

4

<u>**CASES**</u>

5
*Allen v. Smith*,
    94 Cal. App. 4th 1270 (2002)............................................................................5

6
*Ashcroft v. Iqbal*,
7
    556 U.S. __, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009) ...............................9

8
*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ..........................1, 2

9
*Blank v. Borden*,
10
    11 Cal. 3d 963 (1974)....................................................................................6

11
*Campbell v. Allstate Insurance Cos.*,
    1995 WL 376926 (C.D. Cal. May 17, 1995), ...............................................10
12

*Cetacean Community v. Bush*,
13
    386 F.3d 1169 (9th Cir. 2004) .......................................................................5

14
*Conley v. Gibson*,
15
    355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). .....................................1, 2

*DaimlerChrysler Corp. v. Cuno*,
16
    547 U.S. 332, 126 S. Ct. 1854, 164 L. Ed. 2d 589 (2006) ...............................4

17
*Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*,
    528 U.S. 167, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000) ...............................4
18

*Gest v. Bradbury*,
19
    443 F.3d 1177 (9th Cir. 2006) .......................................................................5

20
*Hearn v. R.J. Reynolds Tobacco Co.*,
    279 F. Supp. 2d 1096 (D. Az. 2003) ..............................................................2
21

*Hitz v. First Interstate Bank*,
22
    38 Cal. App. 4th 274 (1995)...........................................................................7

23
*Hutchison v. AT&T Internet Services, Inc.*,
    2009 WL 1726344 (C.D. Cal. May 5, 2009) (Wilson, J.)..............................6
24

25
*Johnson v. Robinson*,
    2009 WL 747231 (E.D. Cal. Mar. 20, 2009) (Fisher, CJ.) .....................2, 3, 8

26
*Kearney v. Solomon Smith Barney, Inc.*,
    39 Cal. 4th 95 (2006)...............................................................................11, 12
27

28
*Laster v. T-Mobile USA, Inc.*,
    2009 WL 4842801 (S.D. Cal. Dec. 14, 2009)................................................5

**Kendall Brill
& Klieger LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

ii

1    *McKell v. Washington Mutual, Inc.*,
      142 Cal. App. 4th 1457 (2006)..............................................................10, 11

2

3    *Meyers v. Home Sav. & Loan Ass'n*,
      38 Cal. App. 3d 544 (1974) ..............................................................................8

4    *Miller v. Nissan Motor Acceptance Corp.*,
      362 F.3d 209 (3d Cir. 2004) .........................................................................4, 5

5

6    *Morris v. Redwood Empire Bancorp*,
      128 Cal. App. 4th 1305 (2005) .......................................................................7

7    *O'Neill v. Hilton Grand Vacations Club*,
      2001 WL 1673579 (D. Haw. Oct. 24, 2001) ...................................................3

8

9    *Pontiflet-Moore v. GMAC Mortgage*,
      2010 WL 432076 (E.D. Cal. Jan. 15, 2010) ...................................................9

10   *Ridgley v. Topa Thrift & Loan Ass'n*,
      17 Cal. 4th 970 (1998)....................................................................................8

11

12   *Sanders v. Apple Inc.*,
      __ F. Supp. 2d __, 2009 WL 150950 (N.D. Cal. 2009) ...............................11

13   *Shalwitz v. Health Initiatives for Youth*,
      2008 WL 4766692 (N.D. Cal. Oct. 31, 2008) .................................................9

14

15   *Standfacts Credit Services, Inc. v. Experian Information Solutions, Inc.*,
      405 F. Supp. 2d 1141 (C.D. Cal. 2005)........................................................12

16   *Vernon v. Qwest Communications International, Inc.*,
      643 F. Supp. 2d 1256 (W.D. Wash. 2009) ......................................................3

17

18   *Vess v. Ciba-Geigy Corp. U.S.A.*,
      317 F.3d 1097 (9th Cir. 2003) .........................................................................9

19   *William O. Gilley Enterprises, Inc. v. Atlantic Richfield Co.*,
      588 F.3d 659 (9th Cir. Dec. 2, 2009) ..............................................................2

20

21   *Wong v. American Servicing Co.*,
      2009 WL 5113516 (E.D. Cal. Dec. 28, 2009)..................................................8

22

23

24

25

26

27

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

iii

OBERON MEDIA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A
CLAIM, MOTION FOR MORE DEFINITE STATEMENT, AND MOTION TO STRIKE

1
2
## STATUTES

15 U.S.C. § 1607.................................................................................4

18 U.S.C. § 1341.................................................................................9

18 U.S.C. § 1344.................................................................................9

California Business & Professions Code § 17200..............................8, 12

California Civil Code § 1671.............................................................3, 12

California Penal Code § 484................................................................9

California Penal Code § 486................................................................9

## RULES

Federal Rule of Civil Procedure 8(a).................................................3

Federal Rule of Civil Procedure 9(b) ................................................9

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1    The Complaint in this case suffers from a multitude of shortcomings.

2  Plaintiffs attempt to avoid dismissal by relying upon an outdated pleading standard

3  and citing irrelevant legal authority.[1]  As explained below, Plaintiffs have not

4  offered any legitimate basis for denying Oberon's Motion to Dismiss, Motion for

5  More Definite Statement or Motion to Strike.[2]  Oberon thus respectfully requests

6  that the Court grant each of these motions, in their entirety.

7  **I.    <u>Plaintiffs' Claim Regarding The "ETF" Is Insufficient</u>**

8    Plaintiffs offer several arguments as to why their "ETF" claim should not be

9  dismissed, none of which has merit.

10    **A.    Plaintiffs Have Not Satisfied The Requirements of Rule 8(a)**

11    First, Plaintiffs acknowledge that they need to provide a "short and plain

12  statement of the claim that will give the defendant fair notice of what plaintiff's

13  claim is and the ground upon which it rests," citing *Conley v. Gibson*, 355 U.S. 41,

14  47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).  Plaintiffs aver they have provided such a

15  statement by alleging, in only conclusory terms, that "Defendant's ETF constitutes

16  an unlawful penalty."  Opp. at 4–5.  This is not sufficient.  Plaintiffs must allege

17  "more than labels and conclusions, and a formulaic recitation of the elements of a

18  cause of action" to state a sufficient claim.  *Bell Atl. Corp. v. Twombly*, 550 U.S.

19  544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  Plaintiffs' bare allegation that

20  "Defendant's ETF constitutes an unlawful penalty" is not enough.

---

22    [1] Plaintiffs also suggest that Oberon has conceded that Plaintiffs' unjust

23  enrichment claim has merit.  Opp. at 4, 11.  As Plaintiffs are well aware, Oberon did
not move to dismiss the unjust enrichment claim because Plaintiffs allege that

24  Oberon charged them "hidden" foreign transaction fees.  While this allegation is not
true, it must be assumed for purposes of this motion.  This is not a concession.

25    [2] With respect to Oberon's Motion for More Definite Statement, while

26  Oberon will rely on the points and authorities set forth in its motion, it warrants
repeating that had Plaintiffs been willing to provide *any* information to allow

27  Oberon to confirm McGregor as a customer, this Motion could have been avoided.

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

OBERON MEDIA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A
CLAIM, MOTION FOR MORE DEFINITE STATEMENT, AND MOTION TO STRIKE

1   Plaintiffs assert multiple times that a complaint should not be dismissed

2 "unless it appears beyond doubt that the plaintiff can prove no set of facts in support

3 of his claim which would entitle him to relief," citing *Conley*.  Opp. at 3, 8.

4 However, that is ***not the correct standard***.  Indeed, the Supreme Court in *Twombly*

5 made clear that that passage from *Conley* is no longer good law.  *See William O.*

6 *Gilley Enters., Inc. v. Atl. Richfield Co.*, 588 F.3d 659, 667 n.6 (9th Cir. Dec. 2,

7 2009) ("The Court went on to disapprove [in *Twombly*] the language in *Conley* that

8 'a complaint should not be dismissed for failure to state a claim unless it appears

9 beyond doubt that the plaintiff can prove no set of facts in support of his claim

10 which would entitle him to relief.'" (quoting *Twombly*, 550 U.S. at 561)).[3]

11 Therefore, Plaintiffs' repeated reliance on that language is misplaced.

12   Plaintiffs also argue that Oberon's motion to dismiss should be denied

13 because Oberon has not "identif[ied] any case stating that Plaintiffs must

14 specifically identify the statute upon which their cause of action rests."  Opp. at 4.

15 Yet, Oberon in fact *did* cite legal authority directly on point.  In *Johnson v.*

16 *Robinson*, 2009 WL 747231, at *4 (E.D. Cal. Mar. 20, 2009), Circuit Judge

17 Raymond C. Fisher (sitting by designation) held that a plaintiff must do more than

18 merely allege that a defendant's conduct is "unlawful" to satisfy Rule 8, finding

19 *explicitly* that the plaintiff "failed to state cognizable claims for violations . . . of

20 California law" because the complaint did "not identify which provisions of state

21 law were allegedly violated, be they the California Constitution, state statutes or

---

[3] Plaintiffs similarly argue that a complaint "should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim."  Opp. at 1, 8.  But the case they purport to quote, *Hearn v. R.J. Reynolds Tobacco Co.*, 279 F. Supp. 2d 1096, 1101 (D. Az. 2003), ***does not*** state that principle.  It does, however, quote the same language from *Conley* that the Supreme Court expressly disavowed in *Twombly*.  *Id.*

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1 state common law."  Notwithstanding Plaintiffs' assertions to the contrary, the

2 holding in *Johnson* is clearly applicable to the instant case.[4]

3     Last, Plaintiffs argue that, even though the Complaint did not identify the

4 specific laws that Oberon's "ETF" allegedly violates, the Complaint was

5 nonetheless sufficient under Rule 8(a) because (1) it alleged that "the ETF did not

6 represent a reasonable measure or approximation of the anticipated or actual loss

7 from a breach of the GameSaver subscription," and (2) "Oberon acknowledges that

8 . . . Plaintiffs' allegation is that [the 'ETF'] constitutes an illegal liquidated damages

9 clause otherwise prohibited by California Civil Code section 1671."  Opp. at 5.

10 Plaintiffs' point appears to be that, notwithstanding the facial insufficiencies in the

11 Complaint, they have satisfied Rule 8 because Oberon guessed correctly that their

12 "ETF" claim is based on § 1671.  However, Oberon should not be forced to guess at

13 the legal bases of Plaintiffs' claims.  *See O'Neill v. Hilton Grand Vacations Club*,

14 2001 WL 1673579, at *3 (D. Haw. Oct. 24, 2001) (noting that complaint "fail[ed] to

15 set out specific statutory or common law[] claims on which Plaintiff might be

16 entitled to relief, leaving this court to guess the sources of Plaintiff's claims").

17     **B.**    **Plaintiffs Do Not Have Standing To Assert Their "ETF" Claim**

18     Plaintiffs argue that they have standing to bring their "ETF" claim because

19 Oberon "failed to provide case law stating that Plaintiffs must have actually paid the

20 ETF in order to be injured by it."  Opp. at 5.  Plaintiffs have it backwards.  It is a

21 foundational principle that "[P]laintiffs, as the parties . . . asserting federal

22 jurisdiction, . . . carry the burden of establishing their standing under Article III."

23 *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342, 126 S. Ct. 1854, 164 L. Ed. 2d

24 ───────────────

25     [4] Moreover, Plaintiffs ignore *Vernon v. Qwest Communications International,*

26 *Inc.*, 643 F. Supp. 2d 1256, 1266 (W.D. Wash. 2009), which Oberon cited in its

27 motion, Mot. at 8, and in which the court dismissed a claim that an "early

27 termination fee" was unlawful because the "[p]laintiffs ha[d] not alleged the

28 existence of a contract, let alone a liquidated damages clause in such a contract."

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

OBERON MEDIA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A
CLAIM, MOTION FOR MORE DEFINITE STATEMENT, AND MOTION TO STRIKE

589 (2006). Thus, Plaintiffs must demonstrate that Oberon's accelerated payment provision caused Plaintiffs to suffer an "injury in fact," *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc*., 528 U.S. 167, 180–81, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000).

Moreover, Plaintiffs are incorrect in their assertion that the GameSaver acceleration provision caused them harm sufficient to afford Article III standing. To have standing, Plaintiffs must prove, *inter alia*, that they suffered an injury that is "concrete and particularized and . . . actual or imminent, not conjectural or hypothetical." *Friends of the Earth*, 528 U.S. at 180. Plaintiffs contend they suffered an injury sufficient to confer standing because "they were effectively prevented from terminating their membership because of the ETF, thereby incurring more fees by remaining members." Opp. at 6. This is wrong. As the Third Circuit explained in *Miller v. Nissan Motor Acceptance Corp.*, 362 F.3d 209, 221–23 (3d Cir. 2004)—in which the plaintiffs challenged a contractual provision that required an early termination charge—Plaintiffs' alleged "injury" is precisely the type of "conditional" or "hypothetical" harm that is insufficient to confer Article III standing. The court in *Miller* expressly held that, because the plaintiffs "never paid the early termination charge" that they alleged to be unlawful, "they were not harmed by it." *Id*. at 221. Therefore, "even assuming" the charge was "unreasonable and violate[d]" applicable law, the court concluded that the plaintiffs "nevertheless suffered no 'injury in fact.'" *Id*.

Plaintiffs attempt to distinguish *Miller*, but to no avail. Plaintiffs note that the specific statute under which the plaintiffs in *Miller* sought to invalidate the early termination provision was the Truth in Lending Act, 15 U.S.C. § 1607 *et seq*., but this is irrelevant. Opp. at 6. Whether a plaintiff has standing to sue under a specific statute is distinct from the question of whether the plaintiff has Article III standing, which, as held in *Miller* and countless other cases, requires an actual injury, irrespective of the statutory predicate for the plaintiff's claim. *See Cetacean*

**Kendall Brill & Klieger LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

4

1    *Community v. Bush*, 386 F.3d 1169, 1174–75 (9th Cir. 2004) (explaining distinction

2    between "constitutional standing" and "statutory standing").  Plaintiffs also argue

3    that *Miller* is inapplicable because the plaintiffs in *Miller* paid an amount different

4    from what they would have been required to pay under the early termination clause.

5    Opp. at 6.  This, too, is irrelevant, as it had no bearing on the Third Circuit's

6    decision, which was based squarely on the fact that the plaintiffs "never paid the

7    early termination charge."  362 F.3d at 221.

8           Last, Plaintiffs argue that they have standing because "[p]arties to a contract

9    have the right to cancel a contract without being forced to pay a 'penalty,'" citing

10   *Allen v. Smith*, 94 Cal. App. 4th 1270, 1278 (2002).  Opp. at 7.  However, *Allen*

11   noted only that a "contractual provision imposing a 'penalty' is ineffective," 94 Cal.

12   App. 4th at 1278, which is a bedrock principle of contract law that Oberon readily

13   acknowledges.  Moreover, *Allen* does not (because it cannot) confer constitutional

14   standing on such a plaintiff, as *Allen* was a state action, *see Laster v. T-Mobile USA,*

15   *Inc.*, 2009 WL 4842801, at *4 (S.D. Cal. Dec. 14, 2009) ("Article III defines the

16   limits of federal jurisdiction and the states have no power directly to enlarge or

17   contract federal jurisdiction." (internal quotation marks omitted)), and, as explained

18   in *Miller*, a plaintiff must have been actually charged an allegedly unlawful fee to

19   have suffered an injury in fact.  Furthermore, because Plaintiffs now know that a

20   GameSaver member must make a lump-sum payment under the accelerated payment

21   provision to terminate her membership early, and there is no allegation that either

22   Plaintiff will or is even likely to purchase games from Oberon in the future,

23   Plaintiffs have not alleged that "they are 'realistically threatened by a repetition of

24   the violation' for the relief to address their alleged injuries," and thus lack standing

25   to seek injunctive or declaratory relief based on their "ETF" claim.  *Id.* at *3

26   (quoting *Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006)).

27

28

5

OBERON MEDIA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A
CLAIM, MOTION FOR MORE DEFINITE STATEMENT, AND MOTION TO STRIKE

C.    **Section 4 Provides A Method Of Alternative Performance**

Finally, Plaintiffs argue that the Court cannot determine as a matter of law that the accelerated payment requirement in Section 4 of the GameSaver membership agreement is an alternative performance provision rather than a liquidated damages clause.  Opp. at 8–11.  Plaintiffs are incorrect.

As the court in *Hutchison v. AT&T Internet Services, Inc.*, 2009 WL 1726344, at *2 (C.D. Cal. May 5, 2009) (Wilson, J.), explained, "[t]he question whether a contractual provision is an unenforceable liquidated damages provision [under Cal. Civ. Code § 1671] is one for the court."  Therefore, Plaintiffs' contention that such a determination is premature is false.  Plaintiffs try to make hay out of the fact that *Hutchison* was decided "during a motion for summary judgment, not at the pleading stage," Opp. at 10, ***but*** Plaintiffs conspicuously neglect to mention that the *Hutchison* court stated explicitly that "[w]ith greater perspective, the Court would have granted the Motion to Dismiss.  This Summary Judgment contains nearly the same analysis," 2009 WL 1726344, at *1 n.1.

Plaintiffs also cite *Blank v. Borden*, 11 Cal. 3d 963, 971 (1974), for the rule that a contract provides a means of alternative performance if, "at the inception of the contract, the contract offered the termination party 'a realistic and rational choice in the future' between two alternative performances."  Opp. at 9.  While this is but one of several factors that courts consider, *Hutchison*, 2009 WL 1726344, at *4–*6, the accelerated performance provision *does*—as Oberon explained in its Motion—provide a GameSaver member a realistic and rational choice:  she may elect to remain a member for the duration of her membership *or* she may terminate her membership and advance both her receipt of all the games she would have received during the term of her membership agreement and her obligation to pay the remaining monthly membership fees.  Mot. at 10.  In fact, Plaintiffs admit that a GameSaver member pays the same amount under the accelerated payment provision as she would have paid had she remained a member.  *See* Opp. at 6–7.

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

OBERON MEDIA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, MOTION FOR MORE DEFINITE STATEMENT, AND MOTION TO STRIKE

1    Moreover, Plaintiffs contend that the accelerated payment provision must be

2    construed as a liquidated damages clause because it only applies after a GameSaver

3    member has breached her agreement.  Opp. at 7.  But this is not so, as the

4    GameSaver Terms and Conditions expressly and unequivocally afford each

5    GameSaver member the right—*without breach*—to cancel by accelerating *both*

6    Oberon's *and* the member's performance obligations.  *See* Oberon's Request for

7    Judicial Notice at 4–6.  Indeed, a GameSaver member who cancels her membership

8    receives precisely the same number of games she would have received had she not

9    cancelled—which is a critical point that Plaintiffs conspicuously omit in their

10   Complaint and their opposition brief, even though it is explained plainly on the

11   "purchase option webpage" (the pertinent portion of which Plaintiffs deleted when

12   they pasted that page into the Complaint) and in the Terms and Conditions.  *See id.*

13   Finally, not a single case that Plaintiffs cite supports their position on this

14   issue.[5]  In *Morris v. Redwood Empire Bancorp*, 128 Cal. App. 4th 1305 (2005), the

15   court held that a contract provision that permitted the plaintiff to cancel the

16   agreement at any time, so long as he paid a cancellation fee, was *not* a liquidated

17   damages clause because the plaintiff knew that the fee was "merely a deferred

18   charge attendant to initiating" the contract, *id.* at 1315.  The facts in *Morris* were

19   thus very similar to the facts alleged here: Plaintiffs were given the option of

20   cancelling their agreement with Oberon at any time, upon payment of all remaining

21   membership fees owed (if any), *and* Plaintiffs knew when they enrolled as

22   GameSaver members that they would be required to pay twelve-months-worth of

23   membership fees—although they could choose *when* to pay those fees.

24   _____

25        [5] In *Hitz v. First Interstate Bank*, 38 Cal. App. 4th 274 (1995), the court did
     not even address the question of whether the fees at issue were alternative
26   performance payments; instead, it was concerned only with determining whether the
     fees were invalid liquidated damages, as there was no question that the fees were
27   imposed only after the plaintiffs breached the underlying agreement.

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

In contrast, in *Ridgley v. Topa Thrift & Loan Ass'n*, 17 Cal. 4th 970 (1998), *see* Opp. at 8, the late fees imposed on the plaintiffs were *additional* to the fees they were required to pay as a matter of course under their loan agreement with the defendant.  Moreover, the court in *Ridgley* made a critical distinction, opining that "[i]n contrast to late payment fees, contractual charges for *prepayment* of the loan principal are generally considered valid provisions for alternative performance, rather than penalties or liquidated damages for breach."  *Id.* at 978.  A GameSaver member's accelerated payment obligation to Oberon, which is triggered upon early termination of her membership, is thus analogous to a borrower's obligation to pay a prepayment charge to his lender upon early termination of his loan—both are methods of alternative performance and are available in the absence of breach.  *See, e.g.*, *Meyers v. Home Sav. & Loan Ass'n*, 38 Cal. App. 3d 544, 546 (1974) ("No breach is involved in [a] prepayment transaction, only the exercise of the option given to the debtor for an alternative method of paying the debt.").

## II.   Plaintiffs Have Not Stated A Claim Under § 17200

Oberon recognizes that § 17200 affords a Plaintiff with three independent bases upon which to assert a claim, but Plaintiffs must allege facts sufficient to provide Oberon with adequate notice as to which of the three bases their claims rely upon, what specific acts of alleged wrongdoing underlie each of their claims, and what forms of relief they seek with respect to each claim.  Plaintiffs have instead alleged that *every* act of alleged wrongdoing is "unlawful, unfair *and* deceptive" and that they seek "restitution, injunctive relief and all other relief allowed" under the law to address every act.  This is not sufficient to state a claim.  *See Johnson*, 2009 WL 747231, at *4 ("Plaintiff bears the burden of notifying defendants and the court of the legal basis for his claims.") (citing Rule 8(a)); *Wong v. Am. Servicing Co.*, 2009 WL 5113516, at *3 (E.D. Cal. Dec. 28, 2009) ("[A] plaintiff must not be permitted to use 'shotgun' pleading tactics, such as providing inadequate factual

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1  bases for his claims, to thwart the defendant's ability to seek dismissal of the claims

2  against him as early in the litigation as possible.").

3          Furthermore, although Plaintiffs deny their affirmative obligation to identify

4  in the Complaint what specific law(s) Oberon has allegedly violated, Opp. at 12–13,

5  it is clear that "[t]o state a cause of action based on an 'unlawful' business act or

6  practice under the UCL, a plaintiff must allege facts sufficient to show a violation of

7  some underlying law," *Pontiflet-Moore v. GMAC Mortg.*, 2010 WL 432076, at *9

8  (E.D. Cal. Jan. 15, 2010).  By omitting any reference to any law or statute, Plaintiffs

9  have not satisfied this requirement.  Moreover, Plaintiffs' assertion in their

10 opposition brief that Oberon "violate[d] 18 U.S.C. sections 1341 and 1344 and

11 California's Penal Code sections 484 and 486" is wholly unsupported by the

12 allegations in the Complaint, lacks legal or factual analysis, and, in any event, does

13 not cure the insufficiencies in the Complaint.  *See Shalwitz v. Health Initiatives for*

14 *Youth*, 2008 WL 4766692, at *3 (N.D. Cal. Oct. 31, 2008) ("Although [plaintiff's]

15 opposition brief claims that she was [harmed by defendant], the complaint alone

16 does not clearly allege this point and must be amended.").

17         In addition, Plaintiffs argue that they have sufficiently stated claims under the

18 "unfair" and "fraudulent" prongs of § 17200 simply because they stated in the

19 Complaint that Oberon's alleged acts of wrongdoing were "unfair" and

20 "fraudulent."  Opp. at 14–15.  But as Oberon has explained, Plaintiffs' allegations

21 do not satisfy the legal standard required to state a claim under either prong, Mot. at

22 14, and Plaintiffs' "threadbare" legal conclusions are clearly not enough.  *Ashcroft*

23 *v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009).  What is

24 more, to plead a sufficient claim under the "fraudulent" prong, Plaintiffs must meet

25 the heightened pleading requirements of Rule 9(b), which mandates that

26 "[a]verments of fraud . . . be accompanied by the who, what, when, where, and how

27 of the misconduct alleged."  *Vess v. Ciba-Geigy Corp. U.S.A.*, 317 F.3d 1097, 1106

28 (9th Cir. 2003).  Plaintiffs have not come close to satisfying this standard.

**Kendall Brill
& Klieger LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

**III.   <u>Plaintiffs Have Not Stated A Claim For Breach Of Contract</u>**[6]

Plaintiffs argue that Oberon "misconstrue[d] the pleading requirements for a Breach of Contract claim" because, even though it did not attach a contract to the Complaint, "Plaintiffs must simply apprise [Oberon] of the legal effect . . . the GameSaver membership has on its users."  Opp. at 16.  But Plaintiffs selectively quote *McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457, 1489 (2006), and misconstrue the applicable legal standard.  In fact, the sentence immediately following the passage quoted by Plaintiffs reads: "This is more difficult, for it requires a careful analysis of the instrument, comprehensiveness in statement, and avoidance of legal conclusions."  *Id.*  The allegations in the Complaint fall *far short* of providing "a careful analysis" of the GameSaver membership agreement— indeed, there is no mention of the membership agreement or the Terms and Conditions *anywhere* in the Complaint—and, as Oberon has shown, the Complaint contains numerous legal conclusions.  Thus, Plaintiffs' assertion that they have "provided Defendant, and this Court, with these material terms" is not even remotely accurate.  Opp. at 16.  Moreover, Plaintiffs simply ignore *Campbell v. Allstate Insurance Cos.*, 1995 WL 376926 (C.D. Cal. May 17, 1995), Mot. at 15, in which the court recited the pleading requirements in unequivocal terms: "California law establishes that in order to state a valid claim for breach of contract, the terms of the contract must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference," *id.* at *2 (internal quotation marks omitted).  Plaintiffs have not done this.

---

[6] Plaintiffs do not dispute the authenticity of either the purchase option webpage or the GameSaver Terms and Conditions, submitted concurrently with Oberon's motions and authenticated in the Declaration of Jordan Goldstein.  Thus, for the reasons set forth in Oberon's Request for Judicial Notice, the Court may properly consider these documents in connection with deciding these motions.

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

OBERON MEDIA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, MOTION FOR MORE DEFINITE STATEMENT, AND MOTION TO STRIKE

1    Furthermore, Plaintiffs' statement that "the contract at issue is printed on page

2    four of the Complaint," is nonsensical.  All that appears in the Complaint is a partial

3    snapshot of the purchase option webpage, from which Plaintiffs deleted critical

4    language that references and links to the GameSaver membership Terms and

5    Conditions.  *See* Mot. at 5 n.4.  Page four, therefore, does not describe the contract

6    terms verbatim nor their "legal effect."  *See McKell*, 142 Cal. App. 4th at 1489.

7    **IV.    <u>Plaintiffs' Class Allegations Are Insufficient As A Matter Of Law</u>**

8    Plaintiffs argue that the class allegations Oberon seeks to strike from the

9    Complaint should not be stricken because evaluating those allegations before the

10   class certification stage is premature.  Opp. at 17.  However, Plaintiffs recognize

11   that "where the complaint demonstrates that a class action cannot be maintained on

12   the facts alleged," a motion to strike is appropriate.  *Id.* (citing *Sanders v. Apple Inc.*,

13   __ F. Supp. 2d __, 2009 WL 150950, at *9 (N.D. Cal. 2009)).  For reasons already

14   explained, Plaintiffs lack standing to bring claims on behalf of the putative class

15   based on their "ETF" claim.  Mot. at 19.  Plaintiffs entirely ignore this argument.[7]

16   Moreover, Plaintiffs argue that whether a § 17200 claim might be appropriate

17   for a nationwide class action "should be addressed on a case-by-case basis," citing

18   *Kearney v. Solomon Smith Barney, Inc.*, 39 Cal. 4th 95, 131–32 (2006).  Opp. at 19.

19   But the California Supreme Court in *Kearney* made precisely the *opposite* point,

20   recognizing that applying California law "in order to alter a defendant's conduct in

21   another state *vis-à-vis another state's residents*" raises federal due process concerns.

22   *Kearney*, 39 Cal. 4th at 104.  In fact, the court in *Kearney* took steps to make it clear

23

24       [7] Plaintiffs also aver that their class definition is not overbroad because it is
25   their "contention that all of [Oberon's] customers are double-billed."  Opp. at 18.
     Not only is this allegation inconsistent with the allegations in the Complaint—
26   McGregor is not alleged to have been double-billed, despite being a customer "since
     2005," Cmplt. ¶ 26—but it is difficult to believe that Plaintiffs performed sufficient
27   due diligence to have a good-faith basis to make such a broad allegation.

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

OBERON MEDIA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A
CLAIM, MOTION FOR MORE DEFINITE STATEMENT, AND MOTION TO STRIKE

1    that all the plaintiffs in that case were California residents:  "The present legal

2    proceedings are based upon defendant business entity's alleged policy and practice

3    of recording telephone calls of *California* clients, while the clients are *in*

4    *California.*"  *Id.* (emphases in original).  Thus, as Oberon explained in its motion,

5    Plaintiffs' California-law claims are only applicable to putative class members who

6    are California residents or are customers who purchased their games from within

7    California.[8]  Mot. at 18; *see also Standfacts Credit Servs., Inc. v. Experian Info.*

8    *Solutions, Inc.*, 405 F. Supp. 2d 1141, 1148 (C.D. Cal. 2005) ("[T]he UCL does not

9    apply to actions occurring outside of California that injure non-residents.").

10          Finally, Plaintiffs argue that "this Court may apply New York law to all fifty

11   states based on a choice-of-law provision contained in the GameSaver contract," and

12   that if it does, "Plaintiffs should be given leave to amend New York law that is

13   consistent with both section 17200, section 1671, and all other applicable code

14   sections prohibiting" Oberon's conduct.  Opp. at 20–21.  Not only is this argument

15   nonsensical, but Plaintiffs have no constitutional standing to bring their "ETF"

16   claim, irrespective of which state's substantive laws apply.

17   Dated:  February 12, 2010            KENDALL BRILL & KLIEGER LLP

18

19

20                                       By:   s/ Richard B. Kendall

21                                             Richard B. Kendall
                                               Attorneys for Defendant
22                                             Oberon Media, Inc.

23

24

25

26          [8] Inasmuch as Plaintiffs now argue that their "ETF" claim is predicated on
     Cal. Civ. Code § 1671, this claim must be limited (like the § 17200 claim), to
27   California residents or GameSaver members who enrolled from within California.

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

OBERON MEDIA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A
CLAIM, MOTION FOR MORE DEFINITE STATEMENT, AND MOTION TO STRIKE