UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**PRIORITY SEND**

CIVIL MINUTES -- GENERAL

Case No.   **CV 09-8764-JFW (AGRx)**

Date:  March 4, 2010

Title:     Blake R. Williams, et al. *-v-* Oberon Media, Inc., et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**
None

**ATTORNEYS PRESENT FOR DEFENDANTS:**
None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER GRANTING IN PART, DENYING IN PART DEFENDANT OBERON MEDIA, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (RULE 12(b)(6)), MOTION FOR MORE DEFINITE STATEMENT (RULE 12(e)) AND MOTION TO STRIKE (RULE 12(f)) [filed 1/29/2010; Docket No. 14]**

On January 29, 2010, Defendant Oberon Media, Inc. ("Defendant") filed a Motion to Dismiss for Failure to State a Claim (Rule 12(b)(6)), Motion for More Definite Statement (Rule 12(e)) and Motion to Strike (Rule 12(f)).  On February 8, 2010, Plaintiffs Blake R. Williams and Peggy J. McGregor ("Plaintiffs") filed their Opposition.  On February 12, 2010, Defendant filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument.  The matter was, therefore, removed from the Court's March 1, 2010 hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.     PROCEDURAL AND FACTUAL BACKGROUND**

Defendant develops and sells video games, most of which can be purchased and downloaded online.  The games can be purchased at full price, or at a discounted price if the customer enrolls in the "GameSaver" membership plan, which is Defendant's multi-purchase discount program.  "GameSaver" members pay Defendant a monthly membership fee for a minimum term, and in exchange earn a discount from the retail price of video games they purchase, as well as one game at no additional charge for each month of their memberships. GameSaver memberships are offered in two-month, six-month, and twelve-month durations, and the amount of the discount the customer receives depends on the length of membership selected

Initials of Deputy Clerk __sr_

by the customer.  By becoming a GameSaver member, the member agrees to the GameSaver Membership Terms and Conditions.  *See* Request for Judicial Notice ("RJN"), ¶ 1; Goldstein Declaration, Exhibit A.[1]

Plaintiffs allegedly purchased and downloaded a number of video games from Defendant, and are current or former GameSaver members.  They allege that Defendant (1) signs customers up for the GameSaver program without their knowledge and consent; (2) refuses to allow customers to cancel their GameSaver subscription and makes unauthorized recurring monthly charges to their credit cards; (3) imposes unlawful early termination fees ("ETF"); (4) fails to deliver free games as promised under the GameSaver program; (5) charges hidden international transaction fees on every transaction; and (6) double-bills for a single game purchase or for a single GameSaver membership.  Plaintiffs filed a Class Action Complaint, alleging the following claims for relief: (1) "ETF is an Unlawful Penalty;" (2) violations of California Business & Professions Code §§ 17200,  et seq.; (3) unjust enrichment; and (4) breach of contract.

Defendant moves to dismiss the First Claim for Relief, labeled "ETF is an Unlawful Penalty," the Second Claim for Relief for violations of California Business & Professions Code §§ 17200,  et seq., and the Fourth Claim for Relief for breach of contract.  In addition, Defendant moves for a more definite statement as to the allegations regarding Plaintiff McGregor, because Defendant has been unable to locate Plaintiff McGregor's customer records based upon the allegations in the Complaint.  Lastly, Defendant moves to strike all class-related allegations from the Complaint.

## II.    LEGAL STANDARD

### A.    Motion to Dismiss

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  "[F]actual allegations must be enough to raise a right to relief above the

---

[1]Defendant requests that the Court take judicial notice of (1) a "screenshot" of the entire purchase option webpage that appears in edited form, on p. 4 of the Complaint and is described in ¶ 13 of the Complaint; and (2) a "screenshot" of  the GameSaver Membership Terms and Conditions.  Because the purchase option webpage and the GameSaver Membership Terms and Conditions are incorporated by reference in Plaintiffs' Complaint and because Plaintiffs do not oppose Defendant's Request for Judicial Notice, Defendant's Request for Judicial Notice is **GRANTED.**  The Court takes judicial notice of the entire purchase option webpage, and the GameSaver Membership Terms and Conditions, attached to the Declaration of Jordan Goldstein as Exhibits A and B.

Initials of Deputy Clerk  sr

speculative level." *Id.* at 1965.

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party.  *See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Summit Technology*, 922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted).  However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment.  *See, e.g., id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994).  Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment.  *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996).

## B.     Motion for a More Definite Statement

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired."  Fed. R. Civ. P. 12(e).  "A Rule 12(e) motion is proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994).  "Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules." *Id.; see also Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996) ("[A] motion for a more definite statement must be considered in light of the liberal pleading standards of Rule 8(a).").

Pursuant to Federal Rule of Civil Procedure 8(a), Plaintiffs are only required to set forth "a short and plain statement of the claim showing that [they are] entitled to relief."  Fed. R. Civ. P. 8(a).  "Parties are expected to use discovery, not the pleadings, to learn the specifics of the claims being asserted." *Sagan*, 874 F. Supp. at 1077.  "In particular, where the information sought by the moving party is available and/or properly sought through discovery [a motion for a more definite statement] should be denied." *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981).

## C.     Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that "on motion made by a party [ ] before responding to the pleading," the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses

being pleaded   . . ..  'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d, § 1382, pp. 706-07, 711 (1990)), *rev'd. on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). "'Redundant' allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action." *California Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).  "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Id.*; *see also Clement v. American Greetings Corp.,* 636 F. Supp. 1326, 1332 (S.D. Cal. 1986) (Motions to strike are "generally viewed with disfavor and not frequently granted.").  "Given their disfavored status, courts often require 'a showing of prejudice by the moving party' before granting the requested relief." *Id.* (quoting *Securities & Exchange Comm'n v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995)).  "In exercising its discretion, the court views the pleadings in the light most favorable to the non-moving party, and resolves any doubt as to the relevance of the challenged allegations or sufficiency of a defense in defendant's favor.  This is particularly true if the moving party can demonstrate no resulting prejudice." *Id.* (internal citations omitted).

## III.    DISCUSSION

### A.    Defendant's Motion to Dismiss Plaintiffs' First Claim for Relief, labeled "ETF is an Unlawful Penalty, is GRANTED, and the claim is DISMISSED without leave to amend.

Plaintiffs' First Claim for Relief, labeled "ETF is an Unlawful Penalty" is directed at the cancellation provision in Section 4 of the GameSaver Membership Terms and Conditions, which provides in relevant part:

> If you cancel your Membership before you have paid for the minimum number of months in your commitment, you will be charged for the remaining months.  For every month of Membership for which you are charged, you are entitled to redeem one full download game at no additional charge.  You will have 60 days to redeem the full download games you choose.

> Cancellation does not affect your rights with regard to redeemed full download games.  Those are yours to keep after cancellation.

Goldstein Declaration, Exhibit B.

In their Complaint, Plaintiffs allege that this provision is "an unlawful penalty in violation of common law and applicable statutory law" without specifying which laws or statutes the provision allegedly violates.  *See* Complaint ¶ 36.  However, as Defendant correctly points out and as Plaintiffs' Opposition confirms, the relevant statute allegedly violated is California Civil Code § 1671, which addresses liquidated damages provisions.  California Civil Code § 1671 provides in relevant part: "[A] provision in a contract liquidating damages for the breach of the contract is void except that the parties to such a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the

case, it would be impracticable or extremely difficult to fix the actual damage."  Cal. Civ. Code §
1671(d).

     The Court concludes, as a matter of law, that Defendant's cancellation provision is not an
unenforceable liquidated damages provision, but rather an alternative performance provision.
Although Plaintiffs argue that the Court should not make this determination at the motion to dismiss
stage, "[t]he question whether a contractual provision is an unenforceable liquidated damages
provision is one for the court."  *Morris v. Redwood Empire Bancorp*, 128 Cal. App. 4th 1305, 1314
(2005) (affirming the trial court's decision to sustain a demurrer, concluding that the termination fee
was not a liquidated damages provision under California Civil Code § 1671 as a matter of law).
The Court must examine the "true function and operation" of the provision in order to determine its
legality, and not merely its characterization in the GameSaver Membership Terms and Conditions.
*See Hutchinson v. AT & T Internet Services, Inc.*, 2009 WL 1726344, at *3 (C.D. Cal. May 5,
2009).

     Where a provision presents a party with a "true option or alternative" or a "realistic and
rational" choice for fulfilling his or her obligations under the contract,  the provision is not a
liquidated damages provision or penalty and does not implicate California Civil Code § 1671.  *See
Blank v. Borden*, 11 Cal.3d 963, 970-71 (1974); *Hutchinson*, 2009 WL 1726344 at *3.  In other
words, if at the time of entering into the contract, the party could "reasonably foresee choosing
either mode of performance laid out in the contract" the provision is merely an alternative
performance provision, not a liquidated damages provision or penalty.  *See Hutchinson*, 2009 WL
1726344, at * 3.  On the other hand, if at the time of entering into the contract, no one would have
considered the alternative option for performance a conceivable alternative, the provision is a
liquidated damages provision and may implicate California Civil Code § 1671.  *See Blank*, 11
Cal.3d at 971 n.7 (quoting McCormick, Damages (1935) § 154, pp. 617-18).

     Here, the cancellation provision in the GameSaver Membership Terms and Conditions
functions and operates as an alternative performance provision, rather than a liquidated damages
provision.   A GameSaver Member may choose to either (1) pay the membership fee monthly and
receive one game each month at no additional charge until the minimum term has expired (with the
option of buying additional games at a discounted rate), or (2) cancel the membership before the
minimum term expires, and pay the remaining membership fees in one lump sum and be entitled to
receive all remaining free games immediately.  At the time of entering into the contract, these were
each "realistic and rational choices."  A GameSaver member pays exactly the same amount in fees
and receives the same number of free games if she chooses to cancel her membership early as
she pays and receives if she chooses not to cancel her membership early.  A GameSaver member
could realistically and rationally choose to cancel her membership early, because she would prefer
to receive the free games immediately rather than wait to download one game each month.
Accordingly, the Court concludes that the cancellation provision operates and functions as an
alternative performance provision rather than as a liquidated damages provision, and is not subject
to challenge under California Civil Code § 1671.  *See Hutchinson*, 2009 WL 1726344, at *5-6
(concluding that an early termination fee for disconnecting internet and phone services was not a
penalty subject to challenge under California Civil Code § 1671, but an alternative performance
provision).

     Accordingly, Defendant's Motion to Dismiss Plaintiffs' First Claim for Relief, labeled "ETF is

Initials of Deputy Clerk _sr_

an Unlawful Penalty, is **GRANTED**.  Plaintiffs' First Claim for Relief is **DISMISSED without leave to amend.**

**B.    Defendant's Motion to Dismiss Plaintiffs' Second Claim for Relief, for alleged violations of California Business & Professions Code §§ 17200, et seq., is GRANTED, and the claim is DISMISSED with leave to amend.**

To state a claim for unfair competition pursuant to California Business and Professions Code § 17200, a plaintiff must establish that a practice is either unlawful, unfair, or fraudulent. *Sonoma Foods, Inc. v. Sonoma Cheese Factory,* LLC, 634 F. Supp. 2d 1009, 1022 (N.D. Cal. 2007).

> Because the law is stated in the disjunctive, it contemplates three distinct categories of unfair competition and a plaintiff must plead the specific rubric under which the proscribed conduct falls.  Moreover, the plaintiff bringing a claim based on the unlawful prong must identify the particular section of the statute that was allegedly violated, and must describe with reasonable particularity the facts supporting the violation.

*Id.* (internal citations omitted).    Although Plaintiffs allege that Defendant engaged in six acts or practices that are "unlawful, unfair, and deceptive," Plaintiffs fail to specify which acts or practices they contend are unlawful (and which statutes the acts or practices allegedly violate), which acts or practices they contend are unfair, and which acts or practices they contend are deceptive.  *See Sonoma Foods, Inc. v. Sonoma Cheese Factory,* LLC, 634 F. Supp. 2d 1009, 1022 (N.D. Cal. 2007) (granting motion to dismiss counterclaim, because counter-claimants fail to specify any statute they allege was violated); *Fox Hollow of Turlock Owners' Ass'n v. Sinclair*, 2007 WL 987873, at *5 (E.D. Cal. Mar. 30, 2007) (granting motion for a more definite statement where "the second amended complaint does not explain whether Plaintiffs are alleging an 'unfair' business act or practice, an 'unlawful' one or a 'fraudulent' one").

Accordingly, Defendant's Motion to Dismiss Plaintiffs' Second Claim for Relief is **GRANTED.** The Second Claim for Relief is **DISMISSED with leave to amend.**

**C.    Defendant's Motion to Dismiss Plaintiffs' Fourth Claim for Relief for breach of contract is DENIED.**

Defendant argues that Plaintiffs' Fourth Claim for Relief for breach of contract should be dismissed on the grounds that the Complaint is devoid of any allegation as to what documents constitute the contract at issue or the specific terms of any such contract that Defendant breached.

"A written contract may be pleaded either by its terms – set out verbatim in the complaint or a copy of the contract attached to the complaint and incorporated therein by reference – or by its legal effect.  In order to plead a contract by its legal effect, plaintiff must allege the substance of its relevant terms."  *McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457, 1489 (2006) (internal citations omitted).  Although Plaintiffs have failed to set out the terms of the contract verbatim in the Complaint or attach a copy of the contract to the Complaint, the Court concludes that Plaintiffs have sufficiently pled the substance of the contract's relevant terms in order to state a claim for

Initials of Deputy Clerk   sr

breach of contract.

Accordingly, Defendant's Motion to Dismiss Plaintiffs' Fourth Claim for Relief for breach of contract is **DENIED.**

### D.      Defendant's Motion for a More Definite Statement is DENIED.

Defendant moves for a more definite statement as to the allegations regarding Plaintiff McGregor, because Defendant has been unable to locate Plaintiff McGregor's customer records based upon the allegations in the Complaint.  Specifically, Defendant requests an order requiring Plaintiffs to identify Plaintiff McGregor's user ID, email address, the approximate date on which she was allegedly enrolled in the GameSaver program, and the websites from which she purchased her games.

Plaintiffs' allegations with respect to Plaintiff McGregor are not "so vague or ambiguous that [Defendant] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  Defendant can obtain the specific details it seeks through discovery.

Accordingly, Defendant's Motion for a More Definite Statement is **DENIED.**

### E.      Defendant's Motion to Strike is DENIED.

The Court finds that the issues raised in Defendant's Motion to Strike are more appropriately resolved in Plaintiffs' Motion for Class Certification.  Accordingly, Defendant's Motion to Strike is **DENIED.**

## IV.      CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for Failure to State a Claim (Rule 12(b)(6)), Motion for More Definite Statement (Rule 12(e)) and Motion to Strike (Rule 12(f)) is **GRANTED in part, DENIED in part.**

Defendant's Motion to Dismiss Plaintiffs' First and Second Claims for Relief is **GRANTED.** Plaintiffs' First Claim for Relief is **DISMISSED without leave to amend**.  Plaintiffs' Second Claim for Relief is **DISMISSED with leave to amend.**  Defendant's Motion to Dismiss Plaintiffs' Fourth Claim for Relief, Motion for a More Definite Statement, and Motion to Strike are **DENIED**.

Plaintiffs' First Amended Complaint, if any, shall be filed no later than **March 18, 2010.** Failure to file a First Amended Complaint on or before March 18, 2010 will result in the dismissal with prejudice of Plaintiffs' Second Claim for Relief.  If Plaintiffs file a First Amended Complaint, counsel shall deliver to Chambers a redlined version of the First Amended Complaint indicating all additions and deletions to the prior version of the complaint.

IT IS SO ORDERED.

Initials of Deputy Clerk  sr