**MAKAREM & ASSOCIATES, APLC**
Ronald W. Makarem, Esq. (State Bar No. 180442)
Marni B. Folinsky, Esq. (State Bar No. 209880)
11601 Wilshire Boulevard, Suite 2440
Los Angeles, California  90025-1760
Telephone: (310) 312-0299
Facsimile: (310) 312-0296
Email: makarem@law-rm.com
Email: folinsky@law-rm.com

Michael H. Kim, Esq. (State Bar No. 200792)
**MICHAEL H. KIM , P.C.**
3699 Wilshire Boulevard, Suite 860
Los Angeles, California 90010
Telephone: (213) 639-2900
Facsimile: (213) 639-2909
Email: mkim@mhklawyers.com

Attorneys for Plaintiffs
BLAKE R. WILLIAMS
PEGGY J. MCGREGOR, CANDICE K. SCHUTZ,
MARK LINDSEY, and BARBARA JEAN PARKS

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAKE R. WILLIAMS, an individual, and PEGGY J. McGREGOR, an individual, for themselves and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>OBERON MEDIA, INC., a Delaware corporation; and DOES 1 through 10, Inclusive,<br>        Defendants. | Case No. CV 09-8764-JFW (AGRx)<br><br>**FIRST AMENDED COMPLAINT FOR CLASS ACTION**<br><br>[JURY TRIAL DEMANDED]<br><br>Assigned to The Honorable John F. Walter, Courtroom 16 |

Plaintiffs, BLAKE R. WILLIAMS, PEGGY J. MCGREGOR, CANDICE K. SCHUTZ, MARK LINDSEY, and BARBARA JEAN PARKS individually and on behalf of all others similarly situated, by and through undersigned counsel, file this class action lawsuit against Defendant OBERON MEDIA, INC., a Delaware corporation. Plaintiffs allege as follow upon personal knowledge as to their own actions and upon information and belief as to all other facts alleged in the Complaint:

## SUMMARY OF THE CASE

1.      Plaintiffs bring this class action under New York consumer protection laws to enjoin Oberon Media from continuing to engage in further deceptive business practices that affect consumers who use its online game services and to take actions to correct damages caused by the practices. The deceptive business practices start from the design and implementation of the game website where people use Oberon's game services to the revelation of system-wide bugs and errors that cause financial losses to its users to Oberon's concealment of the system bugs and errors.

2.      Oberon Media sells video games targeted at a mass audience of casual gamers. The games are available for purchase at a number of online sites specially designed, implemented and operated by Oberon Media called the "Game Centers". The games can be purchased at full price or at a discount price if the buyer subscribes to a price discount program called the GameSaver. According to Oberon Media, the GameSaver allows users to buy games at discounted prices and to receive one game each month. The GameSaver requires a monthly membership fee, which is automatically charged to the subscriber's credit card.

3.      Oberon Media has known or should have known that there are system errors in the Game Centers that (1) sign users up for the GameSaver without their knowledge and consent; (2) refuse to allow users to cancel their GameSaver

FIRST AMENDED COMPLAINT FOR CLASS ACTION

subscription and making unauthorized recurring monthly charges to their credit cards; (4) fail to deliver monthly discounted games as promised and represented under the GameSaver program; (5) double/ multiple bill for a single game purchase or a single GameSaver account.  Oberon Media has concealed these system errors from users of the Game Centers and GameSaver members.  Oberon Media has also concealed the fact that payment transactions at the Game Centers and with respect to the GameSaver membership will result in a foreign transaction fee.

4.    Plaintiffs are among the tens of thousands of consumers who have been victimized by these practices.  Plaintiffs bring this lawsuit against Oberon on behalf of themselves and all others similarly situated to stop these practices, alleging claims for breach of contract, unjust enrichment, violations of the New York Consumer ProtectionLaw, and injunctive relief.

## **PARTIES**

5.    Blake R. Williams ("Williams") is, and at all times alleged in this Class Action Complaint was, an individual and a California citizen, with her place of residence in the County of Los Angeles, California.

6.    Peggy J. McGregor ("McGregor") is, and at all times alleged in this Class Action Complaint was, an individual and a California citizen, with her place of residence in the County of Monterey, California.

7.    Plaintiff Candice K. Schutz is, and at all times alleged in this Class Action Complaint was, an individual and a Minnesota citizen, with her place of residence in West St. Paul, Minnesota.

8.    Plaintiff Mark Lindsey is, and at all times alleged in this Class Action Complaint was, an individual and a citizen of the State of Washington, with his place of residence in Tacoma, Washington.

9.    Plaintiff Barbara Jean Parks is, and at all times alleged in this Class Action Complaint was, an individual and a citizen of the State of South Dakota,

with her place of residence in Whitewood, South Dakota.

10.     Defendant Oberon Media, Inc. ("Defendant" or "Oberon") is a corporation duly incorporated under the laws of the state of Delaware, having its principal place of business in the City of New York, State of New York.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). The aggregated claims of the individual class members exceed the sum value of $5,000,000, exclusive of interest and costs, and this is a class action in which more than two-thirds of the proposed plaintiff classes, on the one hand, and Oberon Media on the other, are citizens of different states.

12.     Venue is proper in this District under 28 U.S.C. § 1391(c) because Oberon Media's contacts with the District are sufficient to subject Oberon Media to personal jurisdiction in this Court.

## FACTS

13.     Defendant markets and sells video games, which can be purchased and downloaded online at the online Game Centers. The games can be purchased at full price or at a discounted price under a special price discount program called the GameSaver. This GameSaver purportedly offers two benefits: (1) first, it allows its members to buy games at a discounted price; and (2) second, it entitles members to one game each month during the duration of the membership.

14.     The GameSaver service requires a separate monthly membership fee. There are three membership terms with three different prices: 2 months, 6 months, and 12 months. A 2-month GameSaver membership costs $9.95 per month. A 6-month GameSaver membership costs $7.95 per month. A 12-month GameSaver membership costs $6.95 per month. The monthly membership fees are automatically charged to the subscriber's credit card.

15.     To sign up for the GameSaver service, a user clicks on a game that he wishes to purchase, which links him to a "Select Purchase Option" page where he will find four options: 65% off for signing up for a 12-month GameSaver service; 60% off for signing up for a 6-month GameSaver service; and 50% off for signing up for a 2-month GameSaver service; and a full price purchase without any GameSaver subscription.

65% Off ⬚  $6.95 per game - Platinum
               (1 game a month for 12 months minimum )

60% Off ⬚  $7.95 per game - Gold
               (1 game a month for 6 months minimum )

50% Off ⬚  $9.95 per game - Silver
               (1 game a month for 2 months minimum )

⬚  $19.95
    No Thanks, I just want this game

**No Explicit User Consent for <u>Automatic Renewal of the GameSaver Membership.</u>**

16.     On the "Select Purchase Option" page where users select to buy the game or sign up for the GameSaver subscription, the GameSaver subscription is prominently advertised as a fixed-term subscription-- 2 months, 6 months or 12 months. There is nothing on the page itself to suggest that the GameSaver subscription will "automatically" renew after the end of the initial commitment term. In fact, in reading all the webpages, from the games section through the sign-up process section to the confirmation section, there is nothing to even remotely suggest that the GameSaver subscription will automatically renew and the subscription fees will be automatically charged to the user's credit card.

17.     That disclosure is tucked away inside the Terms of Use contract which in turn is hidden inside a small hyperlink located at the bottom of a single page within the multiple-step sign-up process. That disclosure is stated in a 6-page single-spaced small print contract, which can neither be downloaded nor printed.

The contract can be viewed only as a pop-up page using a web browser.

18.   More importantly, there is no user-interface mechanism in place that requires the user to click the link to see the Terms of Use contract before signing up for the GameSaver subscription.  Rather, users regularly bypass this process or miss this important step when they sign up.

**System Errors in the Game Centers**

19.   The problem with Oberon's unlawful business practice goes beyond the deceptive sign-up process, and touches upon its implementation of the Game Centers themselves.  The Game Centers are infected with system errors that cause financial losses to their users, especially the GameSaver members. The system errors in question cause failed game downloads, unauthorized GameSaver Membership sign-ups, unauthorized duplicate GameSaver Memberships, failed GameSaver cancellation, and system billing errors.

20.   There is a system error in the Game Centers that prevents GameSaver members from downloading their free games or receiving a notice of their free games. This occurs when a system bug throws a user in a loop where the system doesn't recognize his account and he is prevented from conducting his normal account activities, and instead, the system bug takes him to a purchase options page. This redeeming error may also occur as a result of a processing error because Oberon's servers can't pull correct information from the Game Centers.

21.   There is a system error in the Game Centers that erroneously sign users up for the Game Saver subscription.  This error arises from an undisclosed system bug in the programming that misread user-interface functions.

22.   There is a system error in the Game Centers that erroneously adds a second GameSaver membership to an existing account. Again, the error stems from Oberon's system defect that does not recognize the users' existing GameSaver account and accept them for a second membership.

23.     There is a "system billing error" in the Game Centers that result in erroneous billing whereby GameSaver members are billed multiple times for a single purchase.

24.     There is a system error in the Game Center that does not allow GameSaver members to cancel their subscription.  This system defect is caused by the same processing error that causes Oberon's servers to pull wrong information from the Game Centers or an user-interface defect that makes it very difficult to cancel the subscription.

25.     In or about June of 2009, alerted by the mounting complaints about these system defect issues, Oberon began secretly tracking information concerning customer service complaints.  Through its internal tracking program, Oberon has confirmed receipt of close to 10,000 customer complaints about these system errors since June of 2009. These complaints represent a small segment of the entire GameSaver customer base affected by the system defects.

26.     Oberon's deceptive conduct goes beyond concealing these system errors since the Game Centers system went online back in February of 2008. Oberon's real deceptive business practice is its lack of response and continuing concealment after finding about these system issues.

27.     There has been no action on the part of Oberon to warn users of these serious system issues.  Oberon has refused to send out an email to its users of these issues even though they have full access to their emails and addresses.  Oberon has refused to post a notice on any of the Game Centers regarding these system issues even though they are in full control of the implementation and operation of these Game Centers.   Oberon has refused to act to prevent other users from being affected by these system errors after receiving 10,000 complaints about them. Instead, Oberon has actively concealed and continues to conceal the system errors from its GameSaver members and other users of the Game Centers.

**User-Interface Defect in GameSaver Cancellation.**

28.    Aside from the processing error, Oberon's GameSaver cancellation mechanism has a significant user-interface problem.   This user-interface problem has to do with the fact that it is very difficult for users to find the GameSaver cancellation button.  For instance, it has come to Oberon's attention that people were having difficulty cancelling at the Game Centers on Yahoo's website. The issue is the placement of the cancellation button  within the FAQ page, and it has been discussed whether or not that should be changed. This discussion has not resulted in any action or notice from Oberon, and the problem continues to exist.

29.    Another major user-interface problem with cancelling is that Oberon has not provided any clear instructions as to how to cancel the Game Saver subscription.  For instance, the GameSaver contract provides that a user may cancel his Gamesaver membership any time by logging in to his account and clicking ["CANCEL"] from the FAQ page.   The problem with that instruction is there is no FAQ page.  The instruction takes the user in a endless loop.  It says: "You may cancel your GameSaver membership any time by logging in to your account and clicking here." Thus once the user logs in to his account and is able to find the FAQ page, he will find that he is asked to log in to his account again to find the FAQ page again.

30.    Again, Plaintiffs bring this class action for a court order compelling Oberon's to change its business practices with respect to these user-interface problems.

**Undisclosed Foreign Transaction Fees**

31.    This class action also seeks an order compelling Oberon to notify its users that payment transactions done at the Game Centers are done with a foreign corporation in Cyprus and that they may incur a foreign transaction fee.  This foreign transaction fee results from the fact that all payment transactions to buy

games or sign up for the GameSaver membership are done with an overseas merchant, known as Oberon Media Enterprises Limited, based in Cyprus, and not the New York-based company, Oberon Media, Inc. Oberon has concealed this information from its users of the Game Centers.  This information is not disclosed in the Terms of Use contract or in any of website sections that users encounter during the initial sign-up process.

32.    Oberon knew or should have known that its users would incur a separate foreign transaction fee for using the Game Centers, and yet refused to act to provide a notice to its users. Since June of 2009, when Oberon started secretly tracking customer complaints internally about the GameSaver program, Oberon has identified customers who have complained about the foreign transaction fee. Despite this knowledge, Oberon has concealed and continues to conceal the foreign transaction fee from its users.

**DEFENDANT'S WRONGFUL CONDUCT SUFFERED BY PLAINTIFFS**

33.    Plaintiff Williams signed up for Defendant's GameSaver service in February of 2009.

34.    Soon thereafter, Ms. Williams attempted to redeem her monthly game under the GameSaver benefits program, but was unsuccessful based on defendant's wrongful conduct alleged above.  Instead of receiving her monthly game, she was unknowingly taken to a link that automatically signed her up for a second GameSaver subscription without her consent or knowledge.

35.    Ms. Williams contacted Defendant's customer service on numerous occasions, but she could not resolve the problem with them.  She then tried to cancel her account, but was informed that she would only be permitted to cancel the service *after* paying an early termination fee equal to the months remaining on her subscription.  As a result of the ETF, Ms. Williams has been discouraged and prevented from terminating her subscription, which is the wrongful conduct alleged

above.  This wrongful conduct has allowed Defendant Oberon Media to collect revenues and generate profits from Ms. Williams at her expense.

36.     Ms. Williams has been charged two sets of GameSaver subscription fees, or double billed for one account, to her credit card based on defendant's wrongful conduct alleged above.Ms. Williams also learned in reviewing her credit card statements that she was being charged previously undisclosed fees, including but not limited to the "Foreign Transaction Fee" of $0.06, for every transaction relating to the GameSaver service, wrongful conduct alleged above.

37.     Ms. McGregor never signed up for Defendant's GameSaver service. Ms. McGregor has been a customer of Defendant since 2005.  In 2008, she purchased a game without signing up for the GameSaver service.  A month later, she learned that she had been signed up to become a GameSaver member without her knowledge and consent, defendants' wrongful conduct alleged above.  As a result, she was charged the monthly fees and hidden fees for the GameSaver membership she did not order.

38.     Both Ms. Williams and Ms. McGregor have been injured and damaged by Defendant's conduct.

**Candice K. Schutz:**

39.     Plaintiff Candice K. Schutz signed up for the 12-month GameSaver Membership through Oberon's game center in September of 2009.  In October 2009, she was double charged for the GameSaver subscription.  In January of 2009, she was double charged again for the GameSaver subscription.  She sent an email to GameSaver's customer service to cancel the double billing.  There has been no response from Oberon to this date.  She has searched Oberon's game center website to find information as to how to fix the double billing issue, but has not found any information on that issue

40.     When Ms. Schutz signed up for the GameSaver subscription, there was

no notice that she was dealing with an overseas company in Cyprus, or that she would incur a separate foreign transaction fee. She learned about the foreign transaction fee when she saw the fee on her credit card statements. Currently, for every GameSaver fee that is taken out of her bank credit card, she is being charged an additional foreign transaction fee of $0.13.

**Mark Lindsey:**

41.    Plaintiff Mark Lindsey never signed up to be a GameSaver member. However, he was a former user of the MSN Games website where he can download and buy Oberon games. In June of 2009, he purchased a game at Oberon's game center at the MSN Games Website. In the following month, he found out that he was getting billed $7.65 for the Oberon GameSaver subscription. To this date, he is still getting charged $7.65 every month to his credit card for the Oberon GameSaver subscription which he never ordered or authorized.

42.    Mr. Lindsey attempted many times to sign back on to his MSN account to cancel the subscription, but the system would not recognize his log-in identifier and password. He has not been able to cancel this unauthorized subscription to this date. He has searched the Oberon's game center at the MSN Games website for information as to how to cancel the Oberon GameSaver subscription, but has not been able to find any information.

**Barbara Jean Parks:**

43.    Oberon Media began making unauthorized charges to her credit card for the GameSaver subscription she never ordered or authorized since March of 2009.  Initially, she was getting charged $6.95 per month. Then in June of 2009, the monthly subscription charge increased to $6.95 plus $0.20 in foreign transaction fee.

44.    In May of 2009, she sampled 4 online games on a free trial basis offered by Oberon-Media, but did not purchase the full version.  Then in June, she

noticed that she had been billed for all 4 games, which she did not buy.

45.    In September of 2009, all billing from Oberon Media stopped.

## CLASS ACTION ALLEGATIONS

46.    Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and the following Class and subclasses:

**Class #1(a):  Failure To Deliver Monthly Subscription Game – Damages**

GameSaver members who suffered injury due to Oberon's system error that causes failure to deliver monthly subscription games during the class period.  These individuals are requesting recovery of monetary damages.

**Class #1(b):  Failure To Deliver Monthly Subscription Game – Injunction**

GameSaver members who suffered injury due to Oberon's system error that causes failure to deliver monthly subscription games during the class period.  These individuals are seeking injunctive relief requiring Oberon to fix the system error causing this injury.

**Class #2(a):  Signed-Up in Error – Damages**

GameSaver members who suffered damage as a result of an Oberon system error that signs up individual as GameSaver members in error during the class period.  These individuals are requesting recovery of monetary damages.

**Class #2(b):  Signed-Up in Error – Injunction**

GameSaver members who suffered damage as a result of an Oberon system error that signs up individual as GameSaver members in error during the class period.  These individuals are seeking injunctive relief requiring Oberon to fix the system error causing this injury.

**Class #3(a):  Duplicate Membership – Damages**

GameSaver members who were charged for a second GameSaver subscription because of Oberon's system error during the class period.

These individuals are requesting recovery of monetary damages.

**Class #3(b):  Duplicate Membership – Injunction**

GameSaver members who were charged for a second GameSaver subscription because of Oberon's system error during the class period. These individuals are seeking injunctive relief requiring Oberon to fix the system error causing this injury.

**Class #4(a):  System Billing Error – Damages**

GameSaver members and Game Center users who were billed multiple times for one purchase because of Oberon's system error during the class period.  These individuals are requesting recovery of monetary damages.

**Class #4(b):  System Billing Error – Injunction**

GameSaver members and Game Center users who were billed multiple times for one purchase because of Oberon's system error during the class period.  These individuals are seeking injunctive relief requiring Oberon to fix the system error causing this injury.

**Class #5(a):  Foreign Transaction Fee  – Damages**

GameSaver members and buyers of Oberon games who incurred a foreign transaction fee during the class period.  These individuals are requesting recovery of monetary damages.

**Class #5(a):  Foreign Transaction Fee  – Injunction**

GameSaver members and buyers of Oberon games who incurred a foreign transaction fee during the class period.  These individuals seek injunctive relief requiring Oberon to make a full disclosure of the foreign transaction fee.

**Class #6(a):  Automatic Renewal Class  – Damages**

GameSaver members whose GameSaver membership automatically renewed after the initial subscription term ended during the class period.

These individuals are requesting recovery of monetary damages.

**Class #6(b):  Automatic Renewal Class  – Injunction**

GameSaver members whose GameSaver membership automatically renewed after the initial subscription term ended during the class period. These individuals seek injunctive relief requiring Oberon to either remove the automatic renewal policy or require explicit consent for automatic renewal.

**Class #7(a):  Unable To Cancel Class  – Damages**

GameSaver members whose initial membership term ended but were unable to cancel their GameSaver member because of a user-interface defect.  These individuals are requesting recovery of monetary damages.

**Class #7(b):  Unable To Cancel Class  – Injunction**

GameSaver members whose initial membership term ended but were unable to cancel their GameSaver member because of a user-interface defect.  These individuals seek injunctive relief requiring Oberon to fix this user-interface defect.

47.     Certification of the Class is appropriate pursuant to Fed. R. Civ. Proc. 23(a).  The members of the Class are so numerous that joinder of all members would be impracticable.  Defendants' GameSaver data will indicate that there are close to 300,000 Class members over whom this Court has jurisdiction.

48.     There are common questions of law and fact, among others, including:

   a) Whether Defendant engaged in deceptive acts or practices in regards to the GameSaver discount program;

   b) Whether Defendant engaged in deceptive acts or practices in regards to the International Transaction Fee;

   c) Whether Defendant engaged in deceptive acts or practices in

regards to the ETF;

d) Whether Defendant engaged in deceptive acts or practices in regards to early cancellation of the GameSaver discount program;

e) Whether Defendant was unjustly enriched through the GameSaver discount program;

f) Whether Defendant was unjustly enriched by charging hidden fees, including but not limited to the International Transaction Fee;

g) Whether Defendant breached a contract by (1) failing to deliver monthly redeemable games as promised under the GameSaver program; (2) charging hidden fees for every transaction; and (3) double/ multiple billing for a single game purchase or a single GameSaver subscription.

h) Whether Plaintiffs and the Class are entitled to restitution, disgorgement, and/or other equitable relief as the Court deems proper;

i) Whether Plaintiffs and the Class are entitled to an order permanently enjoining Defendant from engaging, performing, or prospering to engage or perform any of the aforementioned deceptive acts and practices and requiring Defendant to engage in a corrective notice campaign;

j) Whether Plaintiffs and the Class are entitled to compensatory damages sustained by Plaintiffs and all other similarly situated as a result of Defendant's unlawful acts and conduct;

k) Whether Plaintiffs and the Class are entitled to treble damages;

l) Whether Plaintiffs and the Class are entitled to a permanent injunction prohibiting Defendant from engaging in the conduct and practices complained of herein;

m) Whether Plaintiffs and the Class are entitled to prejudgment and post-judgment interest;

n) Whether Plaintiffs and the Class are entitled to reasonable attorneys' fees and costs of suit;

o) Whether a Class can be certified pursuant to Fed. R. Civ. Proc., Rule 23.

49.     Plaintiffs' claims are typical of the claims of the Class because Plaintiffs and all members of the Class were injured economically by the same wrongful practices and conduct of Defendant as described in this Complaint. Plaintiffs' claims arise from the same practices and conduct that gave rise to the claims of the Class members, and are based on the same legal theories.  The only difference between Plaintiffs and the individual members of the Class could be the amount of damages sustained, which is an amount that can be readily determined, and does not bar or in any way impair class certification.

50.     Plaintiffs will fairly and adequately represent the interests of the members of the Class. Plaintiffs' interests are the same as, and not in conflict with, the other members of the Class. Plaintiffs' counsel is experienced in class action and complex litigation.

51.     Questions of law or fact common to the members of the Class predominate and a class action is superior to individual cases for the fair and efficient adjudication of the issues presented in this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. The individual damages incurred by each Class member resulting from Defendant's conduct are too small to warrant the expense of individual suits.  The likelihood of individual members of the Class prosecuting separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of

such cases.  Individual suits would also present the potential for inconsistent or contradictory judgments and rulings, and would underscore the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.   Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action and certification of the Class under Rule 23(b)(3) is proper.

52.    Relief concerning Plaintiff's rights under the laws herein alleged and with respect to the Class would be proper.  Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with regard to members of each Class as a whole and certification of the Class under Rule 23(b)(2) is proper.

## FIRST CLAIM FOR RELIEF

**(For Violations of** New York's General Business  Law § 349)

53.    Plaintiffs hereby incorporate all preceding paragraphs as if they were fully set forth herein.

54.    New York's General Business  Law § 349, and substantially similar laws of other states in which Defendant offers its online game services and products,deceptive acts or practices in the conduct of any trade or commerce.

55.    Defendant engaged in deceptive acts and practices as follows:

56.    **Automatic Renewal Class:**  The GameSaver is advertised and marketed as a fixed-term membership, and users rely on that representation to sign up  for the GameSaver Membership thinking that the membership term is fixed.  In reality the GameSaver Membership automatically renews and continues after the initial commitment term has expired.  Defendant concealed and/or made it difficult for users to find this information at the point of purchase when its users sign up for the membership. Defendant designed the online GameSaver sign-up process so that it does not call  the user's attention to the existence of such provision in the contract

and does not require the user provide his/her explicit consent to the automatic renewal.  Moreover, there is no prior written notice given to GameSaver members about the automatic renewal, whether by email or otherwise, prior to the account being automatically renewed.

57.    **Failure To Deliver Monthly Subscription Game Subclass:** Defendant knew or should have known about a system error in the Game Centers that prevents GameSaver members from downloading their monthly games. Despite this knowledge, Defendant concealed and failed to disclose, and continues to conceal and/or fail to disclose the system error to its users.

58.    **Signed-Up in Error Subclass:** Defendant knew or should have known about a system error in the Game Centers that erroneously signs users up for the GameSaver Membership when they attempt to buy a game.  Despite this knowledge, Defendant concealed and failed to disclose, and continues to conceal and/or fail to disclose the system error to its users.

59.    **Duplicate Membership Subclass:** Defendant knew or should have known about a system error in the Game Centers that erroneously adds a second GameSaver membership to an existing account. Despite this knowledge, Defendant concealed and failed to disclose, and continues to conceal and/or fail to disclose the system error to its users.

60.    **System Billing Error Subclass:** Defendant knew or should have known about a "system billing error" in the Game Centers that results in erroneous billing whereby GameSaver members are billed multiple times for a single purchase.  Despite this knowledge,  Defendant concealed and failed to disclose, and continues to conceal and/or fail to disclose the system error to its users.

61.    **Unable To Cancel Class:** Defendant knew or should have known about a system error and user-interface problems in the Game Center that do not allow GameSaver members to cancel their subscription. One of the user-interface

problems is that the cancellation button is either hidden or not functioning. Despite this knowledge, Defendant concealed and failed to disclose, and continues to conceal and/or fail to disclose the system error and user-interface problems to its users.

62.     **Foreign Transaction Fee Subclass:** Defendant knew or should have known that all payment transactions to buy a game or sign up for the GameSaver Membership were done with a foreign entity located in Cyprus, which would result in a separate foreign transaction fee to the users.  Despite this knowledge, Defendant concealed and failed to disclose, and continues to conceal and/or fail to disclose the system error to its users.

63.     Defendant's acts and practices have damaged and are likely to continue to damage members of the Class and impact the public interest.  Plaintiffs and all members of the Class have suffered and continue to suffer injury as a direct result of Defendants' deceptive acts and practices towards consumers.

64.     Plaintiffs, on behalf of themselves and other members of the Class, seek an order of this Court against Defendants awarding damages, treble damages, injunctive relief and all other relief allowed under New York's General Business Law § 349, *et seq*. plus interest, attorney's fees and costs pursuant to, *inter alia*, New York's General Business Law § 349.

**SECOND CLAIM FOR RELIEF**

**(For Unjust Enrichment)**

65.     Plaintiff repeats and realleges the allegations set forth above as if fully contained herein.

66.     By (1) signing members of the Class up for the GameSaver without their knowledge and consent; (2) refusing to allow them to cancel their GameSaver subscription and making unauthorized recurring monthly charges to their credit cards; (4) failing to deliver monthly games as promised under the GameSaver

program; (5) failing to disclose  the foreign transaction fees for every transaction; and (6) double/ multiple billing for a single game purchase or a single GameSaver subscription,  Defendant violated statutory and common law.  Plaintiffs and the members of the Class have suffered harm as a proximate result of the violations of law and wrongful conduct of the Defendant alleged herein.

67.     Defendant Oberon has been unjustly enriched by engaging in deceptive acts and practice as follows:

68.     **Automatic Renewal Class:**  The GameSaver is advertised and marketed as a fixed-term membership, and users rely on that representation to sign up  for the GameSaver Membership thinking that the membership term is fixed.  In reality the GameSaver Membership automatically renews and continues after the initial commitment term has expired.  Defendant concealed and/or made it difficult for users to find this information at the point of purchase when its users sign up for the membership. Defendant designed the online GameSaver sign-up process so that it does not call  the user's attention to the existence of such provision in the contract and does not require the user provide his/her explicit consent to the automatic renewal.  Moreover, there is no prior written notice given to GameSaver members about the automatic renewal, whether by email or otherwise, prior to the account being automatically renewed.

69.     **Failure To Deliver Monthly Subscription Game Subclass:** Defendant knew or should have known about a system error in the Game Centers that prevents GameSaver members from downloading their monthly games or receiving a notice of their monthly games. Despite this knowledge, Defendant concealed and failed to disclose, and continues to conceal and/or fail to disclose the system error to its users.

70.     **Signed-Up in Error Subclass:** Defendant knew or should have known about a system error in the Game Centers that erroneously signs users up for the

FIRST AMENDED COMPLAINT FOR CLASS ACTION

GameSaver Membership when they attempt to buy a game.  Despite this knowledge, Defendant concealed and failed to disclose, and continues to conceal and/or fail to disclose the system error to its users.

71.   **Duplicate Membership Subclass:** Defendant knew or should have known about a system error in the Game Centers that erroneously adds a second GameSaver membership to an existing account. Despite this knowledge, Defendant concealed and failed to disclose, and continues to conceal and/or fail to disclose the system error to its users.

72.   **System Billing Error Subclass:** Defendant knew or should have known about a "system billing error" in the Game Centers that results in erroneous billing whereby GameSaver members are billed multiple times for a single purchase.  Despite this knowledge,  Defendant concealed and failed to disclose, and continues to conceal and/or fail to disclose the system error to its users.

73.   **Unable To Cancel Class:** Defendant knew or should have known about a system error and user-interface problems in the Game Center that do not allow GameSaver members to cancel their subscription. One of the user-interface problems is that the cancellation button is either hidden or not functioning. Despite this knowledge, Defendant concealed and failed to disclose, and continues to conceal and/or fail to disclose the system error and user-interface problems to its users.

74.   **Foreign Transaction Fee  Subclass:** Defendant knew or should have known that all payment transactions to buy a game or sign up for the GameSaver Membership were done with a foreign entity located in Cyprus, which would result in a separate foreign transaction fee to the users.  Despite this knowledge, Defendant concealed and failed to disclose, and continues to conceal and/or fail to disclose the system error to its users.

75.   Defendant was unjustly enriched at the expense of Plaintiff and the

Class, who (1) were signed up for the GameSaver without their knowledge and consent; (2) were charged unauthorized recurring monthly GameSaver fees; (3) could not cancel the GameSaver service; (4) did not receive their monthly games as promised under the GameSaver program; (5) were charged a foreign transaction fee for every transaction; and (6) were double/ multiple billed for a single game purchase or a single GameSaver subscription.

76.     Defendant was aware and had knowledge of the benefit it was receiving as a result of the wrongful acts, as hereinabove alleged, and has enjoyed the benefit of its financial gains, to the detriment and the expense of Plaintiffs and the Class.

77.     Defendant's retention of some or all of the monies gained through its wrongful acts and practices would be unjust considering the circumstances of obtaining these monies.

78.     Plaintiffs, on behalf of themselves and all others similarly situated, are entitled to, and seek restitution from Defendant, and an order disgorging all profits, benefits, and other compensation obtained by Defendant for its wrongful conduct.

## THIRD CLAIM FOR RELIEF
### (Breach of Contract)

79.     Plaintiffs hereby incorporate all preceding paragraphs as if they were fully set forth herein.

80.     To the extent that an enforceable contract existed between Plaintiffs and Defendant, and members of the Class and Defendant, a material term of that contract was that Plaintiffs and members of the Class would receive a monthly redeemable game each month.

81.     Furthermore, to the extent that an enforceable contract existed between Plaintiffs and Defendant, and members of the Class and Defendant, there is no material term in the contract that Plaintiffs and members of the Class would be

charged hidden fees, including but not limited to the "International Transaction Fee," for every transaction, whether the transaction is for the purchase of a game or the payment of a GameSaver membership fee.

82.     Furthermore, to the extent that an enforceable contract existed between Plaintiffs and Defendant, and members of the Class and Defendant, there is no material term in the contract that Plaintiffs and members of the Class would be double billed or multiple-billed for a single game purchase or a single GameSaver subscription.

83.     To the extent that an enforceable contract existed between Plaintiffs and Defendant, and members of the Class and Defendant, Defendant breached that contract by (1) failing to deliver the monthly games as promised under the GameSaver program; (2) charging hidden fees for every transaction; and (3) double/multiple billing for a single game purchase or a single GameSaver subscription.

84.     As a result of Defendant's aforementioned breaches of contract, Plaintiffs and members of the Class were damaged.

85.     Plaintiffs and members of the Class therefore seek an order enjoining Defendant from engaging in the conduct and practices complained of herein; actual damages, including, but not limited to, restitution; reasonable attorney's fees and costs of suit; and any and such other further relief as the Court may deem proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and others similarly situated, pray per judgment against Defendant as follows:

1.     For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and their counsel of record to represent the class;

2.     For restitution, disgorgement, and/or other equitable relief as the Court deems proper;

3.     For an order permanently enjoining Defendant from engaging, performing, or prospering to engage or perform any of the aforementioned deceptive acts and practices and requiring Defendant to engage in a corrective notice campaign;

4.     For compensatory damages sustained by Plaintiffs and all other similarly situated as a result of Defendant's unlawful acts and conduct;

5.     For treble damages;

6.     For a permanent injunction prohibiting Defendant from engaging in the conduct and practices complained of herein;

7.     For  prejudgment and post-judgment interest;

8.     For reasonable attorneys' fees and costs of suit;

9.     For such other relief as the Court deem just and proper.

Dated:  March 18, 2010

MAKAREM & ASSOCIATES APLC

By: _____

RONALD W. MAKAREM
Attorneys for Plaintiffs

PROOF OF SERVICE
(Code of Civil Procedure §l0l3A(d))

I am employed in the County of Los Angeles, State of California. I am over the age of l8 years and not a party to the within action. My business address is 11601 Wilshire Boulevard, Suite 2440 Los Angeles, CA 90025.  On March 18, 2010, I caused the foregoing document described as:

First Amended Complaint For Class Action

Said document was served on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Robert N. Klieger, Esq.
rklieger@kbkfirm.com
Gabriel Miller, Esq.
gmiller@kbkfirm.com
Kendall Brill & Klieger LLP
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067

__BY MAIL:  I deposited such envelope in the mail at Los Angeles, California.    The envelope was mailed with postage thereon fully prepaid. I am readily familiar with this business' practice for collection and processing of mail and that on the same day, and in the ordinary course of business, said mail is deposited in the United States Mail with postage thereon fully prepaid at Los Angeles, California. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in the affidavit/proof of service.

__ PERSONAL SERVICE:  I delivered said envelope by hand to the offices of the addressee(s).

___ VIA ELECTRONIC MAIL:  On the interested parties above-designated at the email address noted above.

√ VIA OVERNIGHT DELIVERY:  I placed such envelope for regularly scheduled pickup at our offices on the date of this declaration by our usual overnight delivery service.

I declare under penalty of perjury under the laws of the State of California and the United States of American that the foregoing is true and correct. Executed on March 18, 2010, at Los Angeles, California.

_____
Stefani McDowell

Printed on Recycled Paper