KENDALL BRILL & KLIEGER LLP
Richard B. Kendall (90072)
*rkendall@kbkfirm.com*
Robert N. Klieger (192962)
*rklieger@kbkfirm.com*
Gabriel D. Miller (243359)
*gmiller@kbkfirm.com*
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile: 310.556.2705

Attorneys for Defendant
Oberon Media, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

BLAKE R. WILLIAMS, an individual, and PEGGY J. McGREGOR, an individual, for themselves and on behalf of all others similarly situated,

Plaintiffs,

v.

OBERON MEDIA, INC., a Delaware corporation, and DOES 1 through 10, inclusive,

Defendants.

Case No. CV-09-8764 JFW (AGRx)

**OBERON MEDIA, INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

The Honorable John F. Walter

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant Oberon Media, Inc. ("Oberon") hereby answers the First Amended Complaint for Class Action ("Complaint") of Plaintiffs Blake R. Williams and Peggy J. McGregor ("Plaintiffs"). Oberon denies all factual allegations set forth in the Complaint unless expressly admitted. Any admission herein is limited to the express language of the response, and shall not be deemed an implied admission of additional facts. Oberon need not admit or deny legal conclusions or arguments; however, Oberon affirmatively denies that it has violated any applicable federal or state law and asserts that Plaintiffs should be denied all of the relief they request.

**SUMMARY OF THE CASE**

1. Oberon denies the allegations in paragraph 1.

2. Oberon admits the allegations in paragraph 2, except the allegation that all the game centers are designed, implemented and operated by Oberon, which Oberon denies.

3. Oberon denies the allegations in paragraph 3.

4. Oberon denies the allegations in paragraph 4.

5. Oberon lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 5, and on this basis denies those allegations.

6. Oberon lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 6, and on this basis denies those allegations.

7. Oberon lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 7, and on this basis denies those allegations.

8. Oberon lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 8, and on this basis denies those allegations.

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

9. Oberon lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 9, and on this basis denies those allegations.

10. Oberon admits the allegations in paragraph 10.

## **JURISDICTION AND VENUE**

11. The allegations contained in paragraph 11 contain legal conclusions as to which no response is required. To the extent a response is deemed required, Oberon denies the allegations in paragraph 11.

12. Oberon admits that venue in this judicial district is proper.

## **FACTS**

13. Oberon admits the allegations in paragraph 13.

14. Oberon denies the allegations in paragraph 14, except that Oberon admits and avers that it offers GameSaver memberships of two-month, six-month and twelve-month terms for $9.95 per month, $7.95 per month and $6.95 per month, respectively.

15. Oberon denies the allegations in paragraph 15, except that Oberon admits and avers that a customer who wishes to purchase a game from one of the game centers may be directed to a web page where he is presented with the option of purchasing the game at full price or enrolling in the GameSaver membership for a minimum of two months, six months, or twelve months. Oberon also admits and avers that in some of the game centers, this web page has the words "Select Purchase Option" displayed at the top. Oberon also admits and avers that if the user chooses to enroll as a GameSaver member on this web page, he may receive 65%, 60% or 50% off the full price of his initial game purchase and all subsequent game purchases that he makes in connection with his GameSaver membership.

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

**No Explicit User Consent for Automatic Renewal of GameSaver Membership**

16. Oberon denies the allegations in paragraph 16.

17. Oberon denies the allegations in paragraph 17, except that Oberon admits and avers that there is a clearly visible, highlighted and prominently displayed hyperlink to the GameSaver Membership Terms and Conditions on the Select Purchase Option web page. Oberon also admits and avers that if a user clicks on that hyperlink, he is directed to the GameSaver Membership Terms and Conditions, which include a provision clearly stating that, unless a GameSaver member cancels his membership, his membership will continue on a month-to-month basis after he has satisfied his initial membership commitment.

18. Oberon denies the allegations in the first sentence of paragraph 18. Oberon lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in the second sentence of paragraph 18, and on this basis denies those allegations.

**System Errors in the Game Centers**

19. Oberon denies the allegations in paragraph 19.

20. Oberon denies the allegations in paragraph 20, except that Oberon admits and avers that Oberon is aware of a computer software bug that prevents Oberon's system from recognizing the account information of some GameSaver members, and as a result, some of these members may be presented with a Select Purchase Option web page if they attempt to redeem a game in connection with their memberships.

21. Oberon denies the allegations in paragraph 21.

22. Oberon denies the allegations in paragraph 22.

23. Oberon denies the allegations in paragraph 23.

24. Oberon denies the allegations in paragraph 24.

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

25. Oberon denies the allegations in paragraph 25, except that Oberon admits and avers that since June 2009, Oberon has used software provided by a third-party customer service vendor that enables Oberon to categorize by topic some of the complaints that customers have sent to Oberon's customer service representatives. Oberon also admits and avers that it has identified software issues that may have caused some GameSaver members to experience difficulty logging into their accounts or redeeming their monthly membership games. Oberon also admits and avers that Oberon has received complaints that might be related to one or more of these software issues, and it has provided refunds to customers in connection therewith.

26. Oberon denies the allegations in paragraph 26.

27. Oberon denies the allegations in paragraph 27.

**User-Interface Defect in GameSaver Cancellation**

28. Oberon denies the allegations in paragraph 28, except that Oberon admits and avers that some GameSaver members may have had difficulty cancelling their GameSaver membership through the Yahoo Games Subscription Program FAQs, which is but one of several methods for cancelling a GameSaver membership in connection with the Yahoo Games Subscription Program.

29. Oberon denies the allegations in paragraph 29, except that Oberon admits and avers that the GameSaver Membership Terms and Conditions includes language explaining that a member may cancel her membership at any time by logging in to her account and following the cancellation instructions as provided in her "My Account" web page or in the FAQs. Oberon also admits and avers that a GameSaver member may cancel her account by using methods other than navigating to the FAQs.

30. The allegations contained in paragraph 30 contain legal conclusions as to which no response is required. To the extent a response is deemed required, Oberon lacks knowledge or information sufficient to form a belief as to the truth or

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

accuracy of the allegations in paragraph 30, and on this basis denies those allegations.

**Undisclosed Foreign Transaction Fees**

31. Oberon lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in the first sentence of paragraph 31, and on this basis denies those allegations. Oberon denies the allegations in the second and third sentences of paragraph 31.

32. Oberon denies the allegations in paragraph 32, except that Oberon admits and avers that Oberon's customer service complaint categorization system reflects that Oberon has received fewer than one hundred customer complaints regarding foreign transaction fees.

**DEFENDANT'S WRONGFUL CONDUCT SUFFERED BY PLAINTIFFS**

**Blake R. Williams**

33. Oberon denies the allegations in paragraph 33.

34. Oberon lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in the first sentence of paragraph 34, and on that basis Oberon denies those allegations. Oberon denies the allegations in the second sentence of paragraph 34, except that Oberon admits and avers that Ms. Williams enrolled in a second GameSaver membership in June 2009 and that Oberon charged her for three months of membership fees in connection with that second GameSaver membership. Oberon also admits and avers that Oberon refunded Ms. Williams in December 2009 for the three months of membership fees she was charged in connection with her second GameSaver account.

35. Oberon denies the allegations in paragraph 35, except that Oberon admits and avers that Ms. Williams contacted Oberon's customer service representatives on multiple occasions to discuss issues regarding her GameSaver account. Oberon also admits and avers that an Oberon representative conveyed to Ms. Williams that she could cancel her GameSaver account at any time if she paid

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

the balance due on her GameSaver membership, as required under the GameSaver Membership Terms and Conditions.

36. Oberon denies the allegations in the first sentence in paragraph 36, except that Oberon admits and avers that Ms. Williams enrolled in a second GameSaver membership in June 2009 and that Oberon charged her for three months of membership fees in connection with that second GameSaver membership. Oberon also admits and avers that Oberon refunded Ms. Williams in December 2009 for the three months of membership fees she was charged in connection with her second GameSaver account. Oberon lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in the second sentence of paragraph 36, and on that basis Oberon denies those allegations.

**Peggy J. McGregor**

37. Oberon denies the allegations in paragraph 37, except that Oberon admits and avers that Ms. McGregor was enrolled as a GameSaver member from July 2008 until May 2009, for which Oberon charged her $6.95 per month in membership fees, pursuant to the GameSaver Membership Terms and Conditions.

38. Oberon denies the allegations in paragraph 38.

**Candice K. Schutz**

39. Oberon denies the allegations in the first five sentences in paragraph 39. Oberon lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in the sixth sentence in paragraph 39, and on that basis Oberon denies those allegations.

40. Oberon denies the allegations in the first sentence in paragraph 40. Oberon lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in the second and third sentences in paragraph 40, and on that basis Oberon denies those allegations.

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

**Mark Lindsey**

41. Oberon denies the allegations in paragraph 41, except that Oberon admits and avers that Mr. Lindsey is currently enrolled as a GameSaver member and is charged a fee each month pursuant to his twelve-month membership commitment.

42. Oberon lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 42, and on that basis Oberon denies those allegations.

**Barbara Jean Parks**

43. Oberon denies the allegations in paragraph 43, except that Oberon admits and avers that Ms. Parks enrolled as a GameSaver member in February 2009 and was charged a fee each month, pursuant to her twelve-month membership commitment, through August 2009.

44. Oberon denies the allegations in paragraph 44.

45. Oberon denied the allegations in paragraph 45, except that Oberon admits and avers that Ms. Parks enrolled as a GameSaver member in February 2009 and was charged a fee each month, pursuant to her twelve-month membership commitment, through August 2009, and that Oberon did not successfully charge Ms. Parks GameSaver membership fees after August 2009.

**CLASS ACTION ALLEGATIONS**

46. The allegations contained in paragraph 46 contain legal conclusions as to which no response is required. To the extent a response is deemed required, Oberon denies the allegations in paragraph 46.

47. The allegations contained in paragraph 47 contain legal conclusions as to which no response is required. To the extent a response is deemed required, Oberon denies the allegations in paragraph 47.

48. The allegations contained in paragraph 48 contain legal conclusions as to which no response is required. To the extent a response is deemed required, Oberon denies the allegations in paragraph 48.

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

49. The allegations contained in paragraph 49 contain legal conclusions as to which no response is required. To the extent a response is deemed required, Oberon denies the allegations in paragraph 49.

50. The allegations contained in paragraph 50 contain legal conclusions as to which no response is required. To the extent a response is deemed required, Oberon denies the allegations in paragraph 50.

51. The allegations contained in paragraph 51 contain legal conclusions as to which no response is required. To the extent a response is deemed required, Oberon denies the allegations in paragraph 51.

52. The allegations contained in paragraph 52 contain legal conclusions as to which no response is required. To the extent a response is deemed required, Oberon denies the allegations in paragraph 52.

## FIRST CLAIM FOR RELIEF

### (For Violations of New York Gen. Bus. Law § 349)

53. Answering paragraph 53, Oberon incorporates by reference the admissions and denials contained in paragraphs 1 through 52 as if fully set forth herein.

54. The allegations contained in paragraph 55 contain legal conclusions as to which no response is required. To the extent a response is deemed required, Oberon denies the allegations in paragraph 54 because they are nonsensical.

55. Oberon denies the allegations in paragraph 55.

56. Oberon denies the allegations in paragraph 56.

57. Oberon denies the allegations in paragraph 57.

58. Oberon denies the allegations in paragraph 58.

59. Oberon denies the allegations in paragraph 59.

60. Oberon denies the allegations in paragraph 60.

61. Oberon denies the allegations in paragraph 61.

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

62. Oberon denies the allegations in paragraph 62, except that Oberon admits and avers that the transactions of some customers who purchased a game or enrolled in and were charged membership fees in connection with a GameSaver membership were done with an Oberon entity located in Cyprus.

63. Oberon denies the allegations in paragraph 63.

64. The allegations contained in paragraph 64 contain legal conclusions as to which no response is required. To the extent a response is deemed required, Oberon lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 64, and on that basis Oberon denies those allegations.

## SECOND CLAIM FOR RELIEF

### (For Unjust Enrichment)

65. Answering paragraph 65, Oberon incorporates by reference the admissions and denials contained in paragraphs 1 through 64 as if fully set forth herein.

66. Oberon denies the allegations in paragraph 66.

67. Oberon denies the allegations in paragraph 67.

68. Oberon denies the allegations in paragraph 68.

69. Oberon denies the allegations in paragraph 69.

70. Oberon denies the allegations in paragraph 70.

71. Oberon denies the allegations in paragraph 71.

72. Oberon denies the allegations in paragraph 72.

73. Oberon denies the allegations in paragraph 73.

74. Oberon denies the allegations in paragraph 74, except that Oberon admits and avers that the transactions of some customers who purchased a game or enrolled in and were charged membership fees in connection with a GameSaver membership were done with an Oberon entity located in Cyprus.

75. Oberon denies the allegations in paragraph 75.

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

76. Oberon denies the allegations in paragraph 76.

77. Oberon denies the allegations in paragraph 77.

78. The allegations contained in paragraph 78 contain legal conclusions as to which no response is required. To the extent a response is deemed required, Oberon lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 78, and on that basis Oberon denies those allegations.

## **THIRD CLAIM FOR RELIEF**

### **(Breach of Contract)**

79. Answering paragraph 79, Oberon incorporates by reference the admissions and denials contained in paragraphs 1 through 78 as if fully set forth herein.

80. Oberon denies the allegations in paragraph 80.

81. Oberon denies the allegations in paragraph 81, except that Oberon admits and avers that charging hidden fees, including international transaction fees, is not a material term of the GameSaver Membership Terms and Conditions.

82. Oberon denies the allegations in paragraph 82, except that Oberon admits and avers that billing customers twice for a single game purchase or a single GameSaver subscription is not a material term of the GameSaver Membership Terms and Conditions.

83. Oberon denies the allegations in paragraph 83.

84. Oberon denies the allegations in paragraph 84.

85. The allegations contained in paragraph 85 contain legal conclusions as to which no response is required. To the extent a response is deemed required, Oberon lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 85, and on that basis Oberon denies those allegations.

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

**AFFIRMATIVE DEFENSES**

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant further pleads the following separate and additional defenses. By pleading these defenses, Defendant does not in any way agree or concede that it has the burden of proof or persuasion on any of these issues. Defendant reserves the right to assert such additional affirmative defenses as discovery indicates are proper.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure To State A Claim Upon Which Relief May Be Granted)**

1. The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Accord And Satisfaction)**

2. The Complaint is barred, in whole or in part, based on principles of accord and satisfaction.

**THIRD AFFIRMATIVE DEFENSE**

**(Anticipatory Repudiation)**

3. The Complaint is barred, in whole or in part, based on principles of anticipatory repudiation.

**FOURTH AFFIRMATIVE DEFENSE**

**(Election Of Remedies)**

4. The Complaint is barred, in whole or in part, based on the doctrine of election of remedies.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure To Mitigate Damages)**

5. The Complaint is barred, in whole or in part, based on a failure to mitigate damages.

**SIXTH AFFIRMATIVE DEFENSE**

**(Laches)**

6. The Complaint is barred, in whole or in part, by the doctrine of laches.

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

**SEVENTH AFFIRMATIVE DEFENSE**

**(Payment)**

7. The Complaint is barred, in whole or in part, based on payment.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Prevention Of Performance)**

8. The Complaint is barred, in whole or in part, based on prevention of performance.

**NINTH AFFIRMATIVE DEFENSE**

**(Punitive Damages Not Permissible)**

9. The claim for punitive damages violates Plaintiffs' right to due process under the United States or New York Constitutions, or the constitutions of other relevant states, or are otherwise not available for all or some of the claims asserted in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

**(Treble Damages Not Permissible)**

10. The claim for treble damages is not permissible because treble damages are not available for all or some of the claims asserted in the Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Setoff And Recoupment)**

11. The Complaint is barred, in whole or in part, based on principles of setoff and recoupment.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

12. The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

13. The Complaint is barred, in whole or in part, based on principles of unjust enrichment.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

14. The Complaint is barred, in whole or in part, based on principles of waiver.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

15. The Complaint is barred, in whole or in part, based on the doctrine of estoppel.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Damages Caused By Others)**

16. The Complaint is barred, in whole or in part, because at least some of Plaintiffs' harm (if any) was caused by Plaintiffs themselves or by third parties not under Oberon's direction or control.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Standing)**

17. The Complaint is barred, in whole or in part, because one or more Plaintiffs lack standing to pursue the claims alleged therein.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Statutes of Limitations)**

18. The Complaint is barred, in whole or in part, based on applicable statutes of limitations.

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

WHEREFORE, Defendant prays for relief as follows:

1. That the Complaint be dismissed, with prejudice and in its entirety;

2. That Plaintiffs take nothing by this action and that judgment be entered against Plaintiffs and in favor of Defendant;

3. That Oberon be awarded its attorneys' fees and costs incurred in defending this action;

4. That Oberon be granted such other and further relief as the Court may deem just and proper.

Dated: March 26, 2010

Respectfully submitted,

KENDALL BRILL & KLIEGER LLP

By: /s/ Gabriel D. Miller
Gabriel D. Miller
Attorneys for Defendant
Oberon Media, Inc.

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 10100 Santa Monica Blvd., Suite 1725, Los Angeles, California 90067.

On March 26, 2010, I served true copies of the following document described as OBERON MEDIA, INC.'S ANSWER TO FIRST AMENDED COMPLAINT on the interested parties in this action as follows:

Ronald W. Makarem, Esq.
Marni B. Folinsky, Esq.
Jean-Paul Le Clercq, Esq.
MAKAREM & ASSOCIATES, APLC
11601 Wilshire Blvd., Suite 2440
Los Angeles, CA 90025
makarem@law-rm.com
folinsky@law-rm.com
leclercq@law-rm.com

Michael H. Kim, Esq.
MICHAEL H. KIM, PC
3699 Wilshire Blvd., Suite 860
Los Angeles, CA 90010
mkim@mhklawyers.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I certify that the foregoing document(s) is being filed electronically by using the CM/ECF system. As such, the document(s) will be served electronically on all interested parties whose attorneys are registered CM/ECF users and have consented to electronic service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 26, 2010, at Los Angeles, California.

Gabriel D. Miller